## SHACKLEFORD, SAMPSON & CO. V. WALLACE.

In order to obtain a rule for security for costs, a motion should be made and entered in the motion docket. When the order is made, the rule should be expressed in distinct and appropriate terms, and be entered in the minutes of the court.

The entry of "rule for costs" on the judge's docket is not a sufficient foundation to support a judgment of dismissal for non-compliance.

A judgment of dismissal made upon such entry is properly a subject for the exercise of the appellate jurisdiction of this court, although no motion to set aside such judgment was made.

Error from Colorado.

*Munger*, for plaintiff in error.

HEMPHILL, CH. J. This cause was dismissed for failure on the part of the plaintiffs to comply with the rule requiring security to be given for the costs.

It is contended that there was no such rule, or that the plaintiffs had no notice of it, and that therefore the judgment of dismissal was erroneous.

The proceedings in the cause were had under the act to regulate proceedings in the District Courts, approved May 13, 1846. The seventh section of this statute is expressed in the following terms, viz: "Any party to a suit, at any time before final judgment, upon motion of the other party or of any officer of the court interested in the costs accruing in such suit or action, may be ruled to give security for the costs; and if such rule be entered against the plaintiff, and he fail to comply therewith on or before the first day of the next term, the suit shall be dismissed.

This provision does not require that notice of the motion [**240**] or rule should, under ordinary circumstances, be served on the party to be affected. The notice should be placed on the motion docket, and the entry of the rule extended on the minutes; and this being done, the order becomes obligatory, and, if not complied with, the legal consequences of such failure must necessarily follow.

In this case there does not appear to have been any formal motion, though this might be presumed had a rule been entered. But there is no entry on the subject of costs or security to be given to be found on the minutes of the court. The cause is dismissed at the costs of the plaintiff for the want of compliance with the rule for costs; but this judgment is based on no previous order, or at least there is not in the record any evidence of such preliminary rule being taken.

It is true there appears on the judge's docket the following enigmatical entry or memorandum, viz: "*Rule for costs by clerk.*"

This is a mere direction to the clerk to extend an order on the minutes in relation to costs, and by a very liberal construction he might understand that rule for costs meant a rule that security be given for the costs; but it furnishes no internal evidence as to the party against whom the rule was taken, and in making the entry the clerk must necessarily refer to the motion docket or other sources for information as to the party against whom the order must be made. Under the law as it then existed either party might be ruled to give security for costs; and had the note on the docket been entered *verbatim* on the minutes, no presumption would arise that the rule was designed to operate on the plaintiff more than on the defendant. But parties' rights are not to be lost or affected by presumptions, even were the entry sufficiently clear to form a basis for inferences or deductions. When an order is made that security is to be given for the costs, the rule must be expressed in distinct and appropriate terms and entered on the minutes of the court. Where the motion for the rule is

immediately complied with, formal entries would be unnecessary; but otherwise, where time is taken, the order must be so clear as to apprise the party intended to be ruled of its object, and to form a foundation for the subsequent action of the court in relation to the subject-matter. The brief note "rule for costs" could not operate as a notice to either party that security for costs was required; and were a distinct order for costs placed on the judge's docket, but not transferred to the minutes, the party would not be bound thereby.

The only objection to the reversal of the judgment in this case which is of any force arises from the want of a motion to set aside the judgment at the term of its rendition. This should have been done; but as it has been neglected, the question arises whether there is such error presented by the record as would demand the exercise of the appellate jurisdiction. We are of opinion that this must be answered in the affirmative.

The foundation of the judgment is altogether wanting. It is based on a supposed previous order which has no existence. It is such a judgment as could not have been anticipated by the plaintiffs or their attorney had they by any casualty been prevented from attendance at that term of the court. Presumptions are to be indulged to a certain extent in favor of the correctness of judgments, even where they are brought up for revision by error or appeal.

But this presumption is rebutted when the judgment must be founded on facts, as, for instance, on a previous order which the record shows has no existence.

There can be no pretense in this case that the record does not show fully (as certified) all the proceedings had in the cause. If this be not true, the appellee should by *certiorari* have caused a more perfect transcript to be transmitted to this court. This has not been done. And it appearing that there is manifest error in the judgment, it is ordered that the same be reversed and cause remanded.

Judgment reversed.

