HORATIO CHRISMAN AND OTHERS v. HENRY MILLER.

The remedy by petition for review, under the Statute, (Hart. Dig. Art. 783,) where the service of citation has been made by publication only and the trial had *ex parte*, is additional to the remedy by writ of error; not preclusive thereof.

Where the Court fails to make out and incorporate with the record of the case, a statement of the facts proved therein, on which the judgment is founded, in cases where service has been made by publication only, and the trial been *ex parte*, in compliance with the Statute, (Hart. Dig. Art. 782,) the judgment must be reversed on error. Recitals in the judgment, of conclusions deduced, by the Court, from the evidence, are not sufficient.

Facts not alleged, although proved, cannot form the basis of a judgment. In this case, the service of citation was made by publication, and the trial had *ex parte*.

See this case as to proceedings in the District Court to set aside a probate sale.

Error from Washington.

*N. H. Munger* and *W. D. Mitchell*, for plaintiffs in error.

*A. M. Lewis*, for defendant in error.

WHEELER, J. A preliminary question is presented, whether, in a case like the present, where service has been by publication, and the judgment rendered on an *ex parte* hearing, the defendants in the judgment are entitled to prosecute a writ of error, where the Statute gives another remedy by a petition of review. (Hart. Dig. Art. 783.) We are of opinion that it was not the intention of the Statute to take away the right to prosecute a writ of error from the judgment; but to give an additional remedy in such cases; and that the remedies are concurrent. The right to prosecute a writ of error from a judgment thus rendered, has been heretofore maintained by this

Court, and we see no cause now to question the propriety of the practice. (McFadden v. Lockhart, 7 Tex. R. 573.)

On the merits, it is clear that the present judgment must be reversed. The Statute provides that, on the rendition of judgment, where service has been by publication only and the case heard *ex parte*, "the Court shall make out and incorporate "with the record of the case, a statement of the facts proved "therein, on which the judgment was founded." (Hart. Dig. Art. 782.) The Statute is peremptory ; and we have heretofore decided that an omission to comply with its requirement will be fatal on error. (McFadden v. Lockhart, before cited.) The Statute was not complied with in the present case. The recitals in the judgment cannot be deemed a compliance. They are simply conclusions, deduced by the Court, from the evidence, and are not a statement of the facts proved upon the hearing ; that is, a statement of all the material facts of the case, as they were given in evidence, which the Statute requires. On this ground, therefore, it is clear the judgment must be reversed.

There are other grounds of error assigned, which, in reference to the future conduct of the cause, it is material to consider, and which are equally fatal to the judgment. This was a judgment by default. It appears, by the recitals in the judgment itself, to have been rendered upon proofs not conformable to the plaintiff's case, as made by the averments of his petition. The petition does not contain averments of fact, under which material facts, recited as the basis of the judgment, could have been admitted in evidence. And in the case of Hall et al. v. Jackson, (3 Tex. R. 305,) it was held, that facts not alleged, though proved, cannot form the basis of a judgment. The present, in its most prominent features, is very similar to the case just cited. The judgment undertakes to divest the title of the defendants, Keney and Yocum, in a certain designated tract of land, when the petition contains no matter of averment and description by which to identify any particular land, and does

not even show by its averments that the title to any land owned by the deceased Kenedy, whose title the decree undertakes to divest out of the defendants and vest in the plaintiff, ever passed by sale and transfers and vested in the defendants. The power of the Court to adjudicate is expended upon a case, and the Court has adjudicated upon a title, which has no existence in the averments of the plaintiff in his original and amended petition. It is averred that Kenedy "died intestate, leav-"ing a large estate in said Republic consisting of lands, "personal property and rights and credits; that adminis-"tration on said estate was committed by the Probate Court "of the county aforesaid to one Horatio Chrisman," &c., and it is afterwards alleged that "the Probate Judge ordered a sale of the real estate belonging to said deceased," &c. But there is no averment that any sale was in fact made by the administrator in pursuance of the order of the Probate Court. In the prayer of the petition the "petitioner prays that the sale made by said Chrisman as administrator as aforesaid to "said James L. Swisher," * * * "being contrary to law, be "rescinded, annulled, and set aside," &c. But there had been no averment of any such sale, or of any sale by the administrator to Swisher or any one else, to which the prayer for a rescission could relate. The Court could not know what sale it was proposed to have rescinded; for none had been alleged; and a Court of Equity will never decree upon mere conjecture. It is not even averred that the intestate died seized of any particular tract or designated parcel of land, which was the subject of the assumed sale; but only that he died intestate, "leaving a large estate in said Republic consisting of lands," &c. As in the case of Hall et al v. Jackson, so in this case, it may be truly said that the petition is so vague, uncertain and defective in its averments, as that no judgment could be given upon it. It does not contain an averment of material facts essential to support the decree.

Again, this is not a proceeding instituted under the 53d Section of the Act of 1848, (Hart. Dig. Art. 1162 ; Todd v. Caldwell, 10 Tex. R. 236,) to set aside an order of the Probate Court. But it is a proceeding, which seems to have had in view the annulling of the title of a purchaser, under a sale, made by order of the Probate Court, long after the time allowed for revising the judgments of the Probate Court had elapsed, and for aught that appears, after the estate had been finally settled and the administration closed. And there is, in the petition, no averment of any fact going to show that the Probate Court had not jurisdiction to order the sale ; or that the title of the purchaser was affected by any fraud in obtaining the order, or in making the sale. It is manifest, therefore, that the petition does not contain averments sufficient to authorize a decree annulling the title, though it had averred the fact of a sale by the administrator. The petition is not only insufficient in its averments of material facts on which to base a decree ; but it does not assign either time or place to the principal transactions and matters of fact, to which the averments it does contain have relation. It does not state in what year the intestate died, when administration of the estate was granted, or when any order of the Probate Court was made, or any other fact touching the administration of the estate transpired. But, after stating that there had been a grant of administration and an order of sale, it represents the acts of Yocum, which are the subject of complaint, as having transpired "afterwards," and "sometime in the year 1842 ;" and this suit was commenced in December, 1845 ; and hence it is to be inferred that there must have been a considerable lapse of time between the making of the order of sale and the institution of this suit ; but what was the precise period is left wholly to conjecture.

It would seem to result from the view we have taken of the case, that the judgment should be reversed and the case dismissed. But as it is possible the petition may be so amended

as to enable the plaintiff to maintain his suit in some aspect of his case, as to some of the defendants, the cause will be remanded to afford him an opportunity to amend ; for which order also the case before referred to, of Hall v. Jackson, is a precedent. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.