DAVID WALLACE & CO. v. BOGEL & BRO.

(Case No. 1745.)

1. STATEMENT OF FACTS — JUDGMENT — CONCLUSIVENESS OF AS TO FACTS.— While recitals in a judgment of conclusions of facts deduced from the evidence, ordinarily will not supply the place of a statement of facts, yet where the recital is to the effect that the court found against the defendants upon a specific issue, wherein they claimed to be the owners of certain merchandise, such recital should be taken as concluding that issue.

2. SAME — EVIDENCE.— The doctrine declared in Cochran v. Kellum, 4 Tex., 120; Bond v. Mallow, 17 Tex., 636, and other cases, that in the absence of a statement of facts every legal intendment is in favor of the correctness of the judgment, and that in such case it will be presumed that the evidence was sufficient to authorize the finding, reaffirmed.

3. SAME.— The principle that a fact not alleged, though proved, cannot form the basis of a judgment, reaffirmed. Following Chrisman v. Miller, 15 Tex., 161, and other cases.

4. ATTACHMENT — BANKRUPTCY.— Where plaintiffs had their attachment levied on property of a firm which was claimed by defendants, the defense that

four months thereafter the firm was adjudged bankrupt, which dissolved the attachment proceedings, can only be set up by their assignee in bankruptcy.

5. SAME.— Where the power of the state court over the attached property of one afterwards declared a bankrupt is subject to be impeached, it cannot be done except upon an intervention by the assignee in bankruptcy, stating the facts and making the proof necessary to terminate the jurisdiction.

ERROR from Marion. Tried below before the Hon. B. F. Estes.

Wallace & Co. sued out an attachment against Crittenden & Kibbie, November 7, 1870, which was levied upon certain merchandise. Bogel & Bro. made claim, and presented their affidavit and claim bond. About sixty days thereafter Crittenden & Kibbie were adjudged bankrupts by the United States court at Tyler. This case was continued from term to term, and was finally tried in January, 1882, and judgment was rendered in favor of Bogel & Bro.

Sufficient facts will be found stated in the opinion for a full understanding of the case and the points decided.

*Geo. T. Todd*, for plaintiff in error, cited: Elliott *v.* Booth, 44 Tex., 180; Russell *v.* Chatham, 8 S. & M. (Miss.), 703; Gibson *v.* Gibson, 45 Miss., 703; Reed *v.* Bellington, 49 Miss., 223.

WATTS, J. COM. APP.— This record contains neither a statement of facts nor bill of exceptions showing the evidence adduced upon the trial. Defendants in error, by their answer, tendered two issues: one, that the merchandise had been taken from their possession by the United States marshal and turned over to the assignee of the bankrupt estate of Crittenden & Kibbie, by order of the bankrupt court; the other, that defendants in error were the true owners of the merchandise.

From the recitals in the judgment it appears that the court found against the defendants on the last issue, that is, the court found the merchandise subject to the attachment of plaintiffs in error. It is also recited in the judgment that the court found that defendants in error had been deprived of the possession of the merchandise by the marshal acting under the orders of the federal court.

In the absence of a statement of facts every legal intendment is in favor of the correctness of the judgment. It will be presumed in such case that the evidence was sufficient to authorize the finding. Cochran *v.* Kellum, 4 Tex., 120; James *v.* Fulcrod, 5 Tex., 512; Ward *v.* Townsend, 2 Tex., 581; Bond *v.* Mallow, 17 Tex., 636.

In the case of Dewees *v.* Hudgeons, 1 Tex., 192, it was in effect held that when there is no statement of facts in the record, nothing

is assignable as error of law which could have been legally given in evidence at the trial; and, until the contrary be shown, the appellate court will presume that the evidence was sufficient to sustain the judgment.

It is also settled that nothing can be presumed to have been proved which could not legally have been proved under the pleadings. Luckett v. Townsend, 3 Tex., 119.

While recitals in the judgment of conclusions of fact deduced from the evidence will not supply the place of a statement of facts (Chrisman v. Miller, 15 Tex., 161), still it seems to us that the recital in this judgment, to the effect that the court found against defendants in error upon that issue wherein they claimed to be the owners of the merchandise, should be taken as concluding that issue.

That is, in view of this recital, the court will not presume that the evidence authorized a finding upon that issue in favor of defendants in error. No such presumption would be indulged against the record.

Then, under the issues tendered by defendants in' error, it would seem that no other facts than those tending to establish the other issue which the court found in favor of defendants in error could have been legally established. For, as was said in Hall v. Jackson, 3 Tex., 305, and reiterated in Chrisman v. Miller, 15 Tex., 161, and very many subsequent cases, " facts not alleged, though proved, cannot form the basis of a judgment."

The question then arises as to whether, admitting everything claimed by defendants in error and found by the court, as recited in the judgment, concerning the taking of the merchandise by the marshal, etc., it would constitute any defense to the suit.

Plaintiffs in error had their attachment levied upon the merchandise as the property of Crittenden & Kibbie; defendants in error had interposed and filed their claimant's bond and affidavit. Now the proposition is, that because Crittenden & Kibbie were adjudged bankrupts within four months from the date of the attachment, that therefore the attachment was dissolved, and the federal court had jurisdiction, etc.

In Doe v. Childress, 21 Wall., 646, Justice Hunt, delivering the opinion of the court, said: " When the power of a state court to proceed in a suit is subject to be impeached, it cannot be done except upon an intervention by the assignee, who shall state the facts and make the proof necessary to terminate such jurisdiction. This rule governs whether the four months' principle is applicable or whether it is not applicable."

That case involved the question as to the effect of a subsequent adjudication of bankruptcy after the state court had acquired jurisdiction by attachment suit. And the court said the only way to divest such jurisdiction is for the assignee to intervene and show the facts. ·See, also, Elliott v. Booth, 44 Tex., 190, and authorities cited.

Here defendants in error had interposed, and by virtue of their affidavit and claim bond secured the possession of the merchandise from the sheriff. Having thus secured the possession it was their duty to maintain it until a proper disposition was had of the proceeding which they had commenced. It would seem from the authorities cited that the assignee should have intervened, set up the facts and arrested further proceeding in the state court; and as he failed to do this, the delivery of the goods to the marshal would not avail as a defense, unless delivered in pursuance of some judgment, order or decree establishing a superior right to that claimed by plaintiffs in error, and in some proceeding to which they were parties.

While we are of the opinion that there is error in the judgment and that it ought to be reversed, the record is in such condition that we think the case ought to be remanded.

REVERSED AND REMANDED.

[Opinion adopted December 16, 1884.]

