### W. V. CLARK ET AL. V. AMELIA COLLINS.
#### No. 2802.

**Vendor's Lien—Agency—Case in Judgment.**—Clark was negotiating with Edmiston for the purchase of a tract of eighty-nine acres of land. Clark also desired a strip of adjoining land owned by Mrs. Collins. Edmiston agreed to get it if it did not exceed five acres, and at a price agreed upon between them. Edmiston did contract for the strip of land; upon measurement it contained eighteen acres. The deed was made by Mrs. Collins direct to Clark, acknowledging the payment of the purchase money, $117. Mrs. Collins expected the payment to be made on delivery of the deed. Her son, acting for her, consented to a credit. Subsequently she sued Clark to rescind the contract of sale, without success. In suit for the $117 purchase money and to foreclose the vendor's lien against Clark and his vendee with notice, *held:*

1. That the facts constituted Edmiston the agent of Clark in the purchase from Mrs. Collins.

2. That the deed reciting the payment of the purchase money did not waive or destroy the vendor's lien for the purchase money.

3. Clark having had Edmiston made a party defendant, not having asked affirmative relief against him, can not complain that none was given.

ERROR from Houston. Tried below before Hon. F. A. Williams.

The findings of the court below involved in this appeal are as follows:

"1. J. P. Edmiston and wife owned a tract of land ascertained on survey to contain 87 acres, along the west side of which lay a strip belonging to plaintiff (Mrs. Collins). It was not definitely known when the negotiation hereinafter referred to took place how much this strip contained. It was found on a survey to contain 18 acres.

"2. In the fall of 1887 Edmiston and Clark were negotiating for the sale by the former to the latter of Edmiston's tract, when Clark told him he would buy it if Edmiston would put in the strip belonging to plaintiff. Edmiston said he would see plaintiff's agent about it, and then went to J. V. Collins, who was plaintiff's agent, to know if he would sell the strip to Clark. Collins told him he would do so for the same price per acre as E. got for his land. E. notified Clark of this, and agreed for $700 he (Edmiston) would convey his land and would also pay for the Collins piece, provided it did not exceed five acres, which was then supposed to be the quantity in that tract.

"3. Edmiston, after first seeing Collins, again had an interview with him, and told him that if plaintiff would convey the land to Clark the

latter would pay $6.50 per acre for it.   To this Collins agreed, and E. told him Clark would pay by January 1, 1888.

"4.   After the facts recited in conclusions Nos. 2 and 3 transpired a survey was made of the Collins tract, and it was found to contain 18 acres. While upon the ground, after it was found that the tract contained that quantity, E. asked Clark if he (Clark) wanted it all.   Clark replied in the affirmative.   E. said he would have to await Mrs. Collins' return from a visit elsewhere and see about it.   By this E. understood that Clark was to buy and pay Mrs. Collins for all excess of five acres, and Clark understood that E. was to furnish all of the land to him for $700.   Mrs. Collins and her agent were seen by E. and agreed to convey it all to Clark at $6.50 per acre.

"5.   Nothing further was said between them about the trade, but E. made and delivered to Clark his deed for the 87 acres, reciting a consideration of $700, and afterwards had prepared and sent to Mrs. Collins by a notary a deed for the 18 acres, reciting a paid consideration of $117, which she signed and delivered to the notary, expecting to receive the consideration as recited in the deed.   Both of these deeds were delivered to and accepted by Clark.

"6.   The agreement between Clark and Edmiston was that the purchase money was to be paid, $200 cash and balance January 1, 1888. Clark paid E. $700 prior to January 1, supposing that was all due on the land.   E. took this as the purchase money of his tract and paid nothing to plaintiff or her agent, nor was any deduction made for the five acres E. agreed with Clark to pay for.

"7.   During all these transactions nothing was said between Clark and Mrs. Collins or her agent about the trade.   Clark, Edmiston, and J. V. Collins did business within a few yards of each other, and Mrs. Collins lived within 200 or 300 yards of Clark's and Edmiston's places of business.   Neither Mrs. Collins nor J. V. Collins authorized E. to sell the land or receive the purchase money except as above stated.   Nor was anything done by either of them to hold E. out as the agent of plaintiff.

"8.   Some time after January 1, 1888, the purchase money of Mrs. Collins being unpaid, J. V. Collins asked E. about it, and he said Clark had not paid it.   Collins went to Clark and demanded the purchase money for plaintiff's land of him, who said he had paid E., claiming that it was included in the $700.

"9.   A controversy having arisen, Clark refusing to pay plaintiff anything, she sued him at the Spring Term, 1888, to cancel the deed, on grounds shown by record of that case.   A judgment was rendered against her on the ground shown on its face, and she brought this suit for purchase money.

"10.   Clark held the deed of plaintiff, resisted its cancellation, and refused to pay for the land, and pending the former suit sold the land to

defendant Prewett, who agreed to take Clark's trade and pay anything that might be adjudged against Clark in favor of plaintiff.

"Conclusions of law:

"1.　That as between plaintiff and Clark, Edmiston was the agent of the latter, in the sense that whatever right he acquired with respect to the plaintiff's land he took through and subject to such agreements as E. made with plaintiff.

"2.　That by accepting the deed from plaintiff and retaining the land acquired through it under Edmiston's agreement with plaintiff, defendant Clark became bound to comply with that agreement; that the agreements between Edmiston and Clark as to how they should pay for the land did not affect plaintiff's right to recover her purchase money from him to whom the deed was made and delivered; that whatever rights Clark acquired under such agreements were to be adjusted between him and Edmiston.

"3.　That plaintiff is entitled to judgment against defendant for the purchase money for the land and foreclosure of the vendor's lien.

"4.　That Clark's pleadings are not sufficient to authorize the rendition of any judgment in his favor against Edmiston." * * *

Further matters necessary to understand the opinion are contained in it.

*W. A. Stewart* and *A. A. Aldrich,* for plaintiffs in error.

*D. A. Nunn* and *S. A. Denney,* for defendant in error.

STAYTON, CHIEF JUSTICE. — This action was brought by appellee against plaintiffs in error to recover from W. V. Clark $117, and to foreclose vendor's lien on land sold by her to him.

Under the findings and evidence the facts are that Clark was bargaining to buy a tract of land from Edmiston, which was offered for $700, but Clark desired that a contiguous tract of land belonging to Mrs. Collins should be embraced in the purchase, and proposed to purchase the two tracts at price named.

At the time negotiations were pending between Clark and Edmiston, it was supposed that the strip of land owned by Mrs. Collins did not contain more than five acres, and Edmiston agreed, if the land could be bought from Mrs. Collins, that he would pay for as much as five acres, and sell the two tracts at price named.

Edmiston saw the agent of Mrs. Collins, who agreed for her to sell the strip of land at $6.50 per acre, and upon measurement it was found to contain eighteen acres.

Mrs. Collins executed a deed to Clark for the land, which recited a cash payment of $117, which she supposed would be paid to her agent on delivery of the deed, but he made an agreement that this should be paid at

a future time, of which agreement Mrs. Collins had no knowledge until some time after the deed was delivered.

At the time the agreement was made between Edmiston and the agent of Mrs. Collins, the former stated that Clark would pay the price agreed upon, and a time when this should be done was fixed.

After the land was measured Clark informed Edmiston that he wanted it all, knowing the number of acres, and the deed was afterwards made. The deed was delivered to Clark, and since that was done he has asserted title to it, and resisted an action brought by Mrs. Collins for rescission, asked because the purchase money was not paid.

Edmiston also conveyed to Clark the tract which he owned.

Nothing passed between Mrs. Collins or her agent and Clark until some time after the conveyances were made, but when called on for the purchase money he refused to pay it, insisting that Edmiston had agreed to sell to him both tracts for $700, which had been paid.

Edmiston was not authorized to sell the land of Mrs. Collins nor to receive the purchase money, and the court found that neither she nor her agent had done any act to induce Clark to believe that he was her agent.

There was some conflict in the evidence as to what the agreement between Clark and Edmiston was, but the court found that the latter was the agent of the former, and that having accepted the deed and retained the land, Clark was liable for the purchase money, and judgment was so entered, with foreclosure of vendor's lien.

We are of opinion that the court's findings are sustained by the evidence, and that under the facts shown, the contract made by Edmiston must be held binding on Clark.

Mrs. Collins had not agreed to sell the land to Edmiston, and if Clark was unwilling to abide by the agreement made by his agent, he should have consented to cancellation of deed made to him by Mrs. Collins when she sought this.

Although there was no lien reserved in the deed made by Mrs. Collins, the purchase money not having been paid, the law gives lien.   There can be no pretense that the lien was waived.

Clark in his answer set up his version of the facts and asked that Edmiston be made a party, and that "he and plaintiff be required to settle the rights between themselves and that defendants be protected in their rights," but asked no relief against Edmiston.

Edmiston answered, and stated that the facts were as found by the court, but expressed his willingness at all times to pay the purchase price for five acres of the land.

The court held that Clark's pleading did not authorize the rendition of any judgment against Edmiston, and it is claimed that this was error.

If Clark desired any affirmative relief against Edmiston he should have asked it, and not having done so can not now be heard to complain.

Prewitt bought from Clark with full knowledge of the claim and right of Mrs. Collins, and can not complain of the enforcement of the lien in her favor.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered February 4, 1890.