W. J. LEE v. THE BRITISH AND AMERICAN MORTGAGE COMPANY.

Decided May 19, 1897.

**Verdict—Joint Recovery—When Not Warranted by Pleadings.**

Defendant, being sued for recovery of two tracts of land, which were sequestered, claimed rents while dispossessed; interveners claimed a half interest with defendant in both tracts and in the rents thereof, and were awarded the half of one tract but less than half of the other. *Held,* that defendant was entitled to have the rents apportioned between himself and interveners; the pleadings did not warrant a joint verdict and judgment therefor in favor of both; and such verdict and judgment was error demanding reversal on his appeal.

APPEAL from Brown. Tried below before Hon. J. O. WOODWARD.

*Wilkinson & Rice,* for appellant.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover two tracts of land.

Appellant averred in his answer that appellee was claiming the land under a sale made under deed of trust executed by him; that 160 acres of the land was the homestead of himself and children at the time the trust deed was executed; that the trustee had not advertised and made the sale in the manner required by the said trust deed; that appellee had wrongfully sued out a writ of sequestration and obtained possession of the land; that its rental value during the time it had been withheld by appellee was $1000; for which sum he asked judgment against appellee.

Clara Pearl Lee and Emma Cunie Lee filed a plea of intervention claiming that they owned a half interest in the property; and after pleading substantially the same facts set up by the defendant, alleged the rental value of their interest in the land during the time it had been in the possession of the plaintiff to be $800, for which sum they prayed judgment.

Appellee, by supplemental petition, alleged that if the sale made under the trust deed was not valid, then the deed of trust was still in

force; that it was the owner and holder of the debt secured by the trust deed; and prayed in the alternative for judgment for said debt and for foreclosure of the deed of trust.

The verdict upon which the court rendered judgment reads thus: "We the jury find for the interveners eighty acres of the 160 acres homestead tract of land, together with $180 for rents up to date for the defendant W. J. Lee, and the interveners. We further find for the interveners 128 acres of land out of the 320 acres tract of land. We the jury find for the plaintiff the sum of $800, with 12 per cent interest per annum from the maturity of the note, and for the foreclosure of the lien on all the land not the property of the interveners."

Appellant assails the verdict and judgment as being too vague and indefinite as to the $180 awarded to him and the interveners for rents, the contention being that they do not apportion the $180 between appellant and interveners, and that the pleadings do not authorize a joint verdict or judgment for appellant and the interveners for any sum. There is no statement of facts in the record; and if the pleadings will support a judgment in accordance with the verdict, then no reversible error is shown. The pleadings of the interveners in effect admit that appellant owned a half interest in the land and was entitled to recover half the rents. Appellant, in his pleading, virtually admits that the interveners own a half interest in the 160 acres tract; but we find no such admission as to the other tract, and the verdict awards to them less than half thereof. Besides, while appellant's answer admits that the interveners own a half interest in the 160 acres tract, both his and their pleadings allege that they are his minor children and that said tract is their homestead; and he sues for the rent of said homestead, as well as for the rent of the other tract, in his own right. It follows therefore, appellant having sued separately and in his own right for the entire rent, and not having admitted in his pleading that the interveners were entitled to any part of it, that he was entitled to a verdict and judgment definitely fixing the amount of rent awarded to him; and a verdict and judgment awarding to him and the interveners $180, or any other sum, jointly, is not responsive to nor supported by his pleading. The rule is elementary, that a judgment granting affirmative relief to any party to a suit must be founded upon and in accordance with his pleading, and can not rest upon the pleading of some other party. We conclude, therefore, appellant not having sued for rent jointly with the interveners nor admitted that they were entitled to recover any of the rent, that even though, because of the averments and admissions in their pleading, they may have no ground for complaint, nevertheless he has; because their pleading is not his, and the verdict shows that he owned more than half of the 320 acres tract of land.

The objection to the introduction in evidence of the note and mortgage rests upon the form of the plaintiff's pleading, and it can and doubtless will be removed by filing an amended petition.

In the absence of a statement of facts, we are not prepared to say that the court below erred in taxing all the costs against the appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*