PETERSON et al. v. KERBEY et al.

(Court of Civil Appeals of Texas. Austin. Oct. 30, 1912. Rehearing Denied Nov. 27, 1912.)

MORTGAGES (§ 115*)—TRUST DEED—"ASSUMED."

Where defendants were deeded certain property on which plaintiff held a vendor's lien, evidenced by notes, and asked for an extension of time, for which they executed a trust deed, which contained the recital that the defendants "are justly indebted to the plaintiff, as evidenced by certain notes assumed" by the defendants, an indebtedness was created on the part of the defendants, although the ordinary office of a trust deed is to furnish security for a debt already created; the expression "notes assumed" meaning that payment was assumed (citing Words and Phrases, 586, 587).

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 229; Dec. Dig. § 115.*]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Action by Joe C. Kerbey and others against Charles Peterson and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

Love & Williams, of Uvalde, for appellants. W. B. Garrett and J. H. Hart, both of Austin, for appellees.

Findings of Fact.

JENKINS, J. Appellee Kerbey owned an addition to the town of Uvalde, consisting of a large number of lots, and on May 29, 1909, entered into a contract in writing with appellants, by the terms of which they became the sole agents for the sale of said property, upon the terms stated in the agree-

ment, their authority as such agents to continue until June 1, 1910. In said contract appellants bound themselves to sell, or to purchase themselves, by June 1, 1910, not less than 200 of the lots mentioned in said contract, at the price and upon the terms therein set forth. On May 21, 1910, appellants, having failed to sell the required number of lots, requested appellee Kerbey to deed said number of lots to four other parties. Appellee made such deed, receiving one-fifth of the purchase money, and the vendor's lien notes of said parties, payable in 6, 12, 18, and 24 months, respectively, after date. The grantees in said deeds were not financially responsible, and appellants desired the deeds to be made to them and their notes taken for the remainder of the purchase money, in order to avoid personal responsibility, and also that they might be entitled to their commission. The grantees in said deeds in fact paid nothing, the one-fifth purchase price being advanced by appellants, and said deeds were taken with the intention that the same should inure to the benefit of appellants. These facts were all known to appellee Kerbey at the time he executed said deeds. Within a short time thereafter the grantees in said deeds executed a deed to said lots to appellants, reciting the consideration of $10, and other valuable considerations. In fact, nothing was paid to said parties by appellants. Said notes provided that upon the failure to pay those first maturing the holder of same might declare all of said notes due. As the time approached for the payment of the first of said notes, appellants requested appellee Kerbey to grant an extension of the same. There was considerable negotiations between Kerbey and appellants with reference to the granting of such extention; but the same was finally granted in consideration of appellants' executing a deed of trust on all of said lots, which deed of trust, among other things, contained the following recital: "Whereas, Peterson and Avant, the said parties of the first part, are justly indebted to Joe C. Kerbey of the county of Travis and state of Texas, party of the third part herein, as evidenced by 508 certain promissory notes executed as stated below, and assumed by the parties of the first part and payable to the order of the said party of the third part as follows: [Describing said notes]."

The case was tried before the court, without a jury, and the court filed findings of fact, from which we quote as follows: "(6) I find that at the maturity of notes No. 1 of each of said series of notes the defendants Peterson and Avant requested plaintiff Joe C. Kerbey to extend the date of maturity of all of said notes included in the deed of trust herein referred to, and which deed of trust is set out in full in the statement of facts, to which reference is made for the terms of same; that at said time said Peterson and Avant were the owners, through

said deeds of conveyance from Foote, Baxter, Hughlett, and Gainsberg, of most of the lots described in said deed of trust; that on December 3, 1910, said Peterson and Avant executed a deed of trust, in which they conveyed to John H. Cunningham, in trust for plaintiff Joe C. Kerbey, all of the lots involved in this suit to secure to said Kerbey the payment of the 508 promissory notes herein sued on, said deed of trust reciting an extension of the notes then due, and in which deed of trust said Peterson and Avant acknowledged that they were justly indebted unto said Kerbey in the sum represented by said 508 notes, and in which they assumed the payment of said notes."

The court rendered judgment for appellee against the makers of said notes, foreclosing the deed of trust lien, and also a personal judgment over against appellants Peterson and Avant. No complaint is made as to this judgment, except as to rendering personal judgment against Peterson and Avant.

### Opinion.

The only issue in this case is as to the proper construction of that clause of the deed of trust executed by appellants, above set out. Upon the facts above found, the court filed its conclusions of law, from which we quote as follows: "(2) I conclude, as a matter of law, that by the execution of the deed of trust introduced in evidence the defendants Charles Peterson and A. M. Avant assumed and became liable to pay to plaintiff Joe C. Kerbey the said notes, and each and all of them, and that a personal judgment should be rendered in favor of plaintiff and against said defendants Charles Peterson and A. M. Avant, and each of them, for the amount of said notes, principal, interest, and attorney's fees; and such judgment is so given."

It is true, as contended by appellants, that the ordinary office of a deed of trust is not to create an indebtedness, but to furnish security for the payment of indebtedness theretofore created. But there is no reason why an indebtedness should not be created by such instrument; and we think the court did not err in holding that this deed of trust created such indebtedness on the part of appellants. Prior to the execution of this deed of trust, and pending negotiations for the same, appellants were asserting that they were not personally liable to Kerbey for the purchase money of said lots. They were asking an extension of the notes. What were they offering as an inducement for such extension? The deed of trust, without personal liability on their part, would have been no additional security to Kerbey; for he already held a vendor's lien on and the superior title to all of said lots. Said deed of trust recites that appellants are justly indebted to Joe C. Kerbey, as evidenced by 508 certain promissory notes, but those notes were signed by other parties,

and appellants had denied their personal responsibility for the payment of same; but here they admit responsibility by stating that they are justly indebted to Kerbey, as evidenced by these notes, "executed as stated below, and assumed by the parties of the first part." What is meant by the expression "assumed by the parties of the first part"? The ordinary meaning of this term is that payment is assumed. When and how? Evidently by the execution of this instrument, carrying into effect whatever verbal agreements might have preceded the execution of the same. We think the common sense and legal meaning of this instrument is that it declares that appellants are indebted in the amount of said notes; and that they thereby assume payment of the same. Am. & Eng. Ency. Law, vol. 20, pp. 989, 990; Words and Phrases, book 1, pp. 586, 587, and authorities there cited.

Finding no error in the record, the judgment of the trial court is affirmed.