OSVALD v. WILLIAMS. (No. 6660.)

(Court of Civil Appeals of Texas. Galveston. July 1, 1914.)

1. MASTER AND SERVANT (§ 70*)—ACTIONS FOR COMPENSATION—ISSUES, PROOF, AND VARIANCE.

A petition alleging that defendant contracted to pay plaintiff ten cents per tree for all trees purchased by defendant on information by plaintiff of the location and name of the owner does not justify a recovery for trees cut and made into staves by defendant in the neighborhood where plaintiff resides, regardless of whether information as to location and name of owner was furnished by plaintiff to defendant or not.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

2. JUDGMENT (§ 251*)—CONFORMITY TO PLEADINGS.

Facts not alleged, though proved, cannot form the basis of a judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

3. TRIAL (§ 144*) — QUESTION FOR COURT OR JURY—ATTORNEY'S FEES.

Under Rev. St. 1911, art. 2178, authorizing an allowance as costs of reasonable attorney's fees to be determined by the court or jury, the amount of attorney's fees must be determined by the jury trying the case, and not by the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 344; Dec. Dig. § 144.*]

Appeal from Sabine County Court; J. B. Lewis, Judge.

Action by M. H. Williams against George Osvald. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Hamilton & Hamilton, of Hemphill, for appellant. J. W. Minton, of Hemphill, for appellee.

McMEANS, J. This suit originated in the justice court of Sabine county, and after a trial in that court was appealed to the county court, where, upon a trial before a jury, a verdict in favor of appellee was rendered for $103.50, upon which a judgment was entered for appellee for $123.50. From this judgment the appellant has prosecuted this appeal.

Plaintiff alleged in his petition that he entered into an oral contract with defendant by which he obligated himself to assist the defendant in locating and purchasing oak trees suitable for making staves, and in which contract he agreed to furnish to defendant information as to the location of such timber,

and to advise defendant of the names of the owners thereof, and that defendant agreed to pay him for such services ten cents per tree for all the oak trees so located by plaintiff and purchased by defendant. He further ·alleged that he furnished to the defendant information that one W. W. Lawson, of Shelby county, Tex., owned a large number of oak trees on a tract of 286 acres of land, on the James Mason league in Sabine county, suitable for making staves, and, as a result of such information so furnished by plaintiff to defendant, the latter purchased 1,035 oak trees on said tract from said W. W. Lawson, whereby the defendant became indebted to, and promised to pay, him the sum of $103.50, which was the reasonable value of such services. He prayed for judgment for said sum of $103.50, interest and costs, and for $20 attorney's fee, and for general relief.

As before stated, the verdict was for only $103.50. To this the court added in its judgment $20 for attorney's fee, under article 2178, Revised Statutes 1911, which reads as follows:

"Art. 2178. Attorney's Fees Recoverable in Certain Cases; Procedure; Costs. Hereafter, any person in this state having a valid, bona fide claim against any person or corporation doing business in this state for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employés, may present the same to such person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court, and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented by claimant to such person or corporation in such court, he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fees: Provided, he has an attorney employed in the case, not to exceed twenty dollars, to be determined ·by the court or jury trying the case."

[1] We. are of the opinion that the judgment appealed from must be reversed on account of fundamental error apparent on the face of the record, because it appears that the court charged, and the jury found, a verdict in favor of the plaintiff, upon a cause of action not pleaded by plaintiff.

It will be observed that plaintiff pleaded as his cause of action that he had made a contract with defendant by which he obligated himself to assist the defendant in locating and purchasing oak trees suitable for making staves and to furnish defendant information as to the location of such timber and the names of the owners thereof, for which service defendant agreed to pay him ten cents for each of such trees as he should purchase; and that he had furnished defendant information as to the location and name of the owner of such trees on 286 acres of the James Mason league, and that defendant had purchased 1,035 oak trees thereon, whereby he became indebted to plaintiff in the sum of $103.50. The case was submitted to the jury on special issues, which are as follows:

"(1) Did the defendant enter into a contract with plaintiff whereby he agreed to pay plaintiff ten cents per tree for all trees cut and made into staves by defendant, his agents, servants, and employés, in the neighborhood where plaintiff resides? You will answer this question 'Yes' or 'No' as you may find and determine from the evidence. In the event you should answer 'No,' then you need not consider of your verdict further, but will simply return your verdict for the defendant; but, in the event you should answer 'Yes,' then you will consider further of your verdict and answer the following question:

"(2) Is the defendant indebted to the plaintiff? You will answer this question 'Yes' or 'No' as you may find and determine from the evidence. In the event you answer 'Yes,' then state the amount you so find."

The jury answered both questions in the affirmative and found in plaintiff's favor for $103.50.

Thus the issues submitted to the jury were, not whether there existed a contract whereby defendant agreed to pay plaintiff ten cents per tree for all trees purchased by it upon information by plaintiff of the location and name of owner as pleaded by plaintiff, but whether the contract was that defendant should pay plaintiff ten cents per tree for "all trees cut and made into staves by defendant, his agents, servants, and employés, in the neighborhood where plaintiff resides," regardless of whether information as to location and name of owner was furnished by plaintiff to defendant or not.

[2] It is well settled that facts not alleged, though proved, cannot form the basis of a judgment (Hall v. Jackson, 3 Tex. 309; Chrisman v. Miller, 15 Tex. 160; Wallace v. Bogel, 62 Tex. 638), and that a judgment not responsive to the pleadings should be set aside (Lee v. Mortgage Co., 16 Tex. Civ. App. 671, 40 S. W. 1041).

[3] Appellant complains of the action of the court in adding $20 to the amount of the verdict as attorney's fees and in rendering judgment for this additional amount. The statute above copied requires that the reasonable amount to be allowed as attorney's fees is to be determined by the court or jury trying the case. As this case was tried by a jury, it was for the jury, and not the court, to determine, under appropriate instructions from the court, what would be a reasonable amount.

All other assignments of error presented by appellant have been carefully examined by us, and we are of the opinion that none of them points out reversible error.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.