L. C. DENMAN CO. et al. v. STANDARD SAVINGS & LOAN ASS'N.    (No. 8744.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 8, 1917. Rehearing Denied Jan. 19, 1918.)

1. VENDOR AND PURCHASER ☞278—VENDOR'S LIEN—LIMITATIONS.

Where the maker of a note representing a vendor's lien sold the property to another, who assumed the indebtedness, the payee could not have personal judgment against the maker in a suit brought more than four years after the note was due, where he had not executed extension contract provided for in Rev. St. 1911, art. 5695, as amended by Acts 33d Leg. c. 123, and Acts Sp. Sess. 33d Leg. c. 27 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695).

2. VENDOR AND PURCHASER ☞254(1) — RIGHTS OF VENDOR—LIEN.

A vendor's lien exists to secure the payment of the purchase money on real estate sold on a credit, even though no such lien is expressly retained.

3. VENDOR AND PURCHASER ☞254(1) — RIGHTS OF VENDOR AS TO PURCHASERS FROM VENDEE.

The vendor who retained the lien became entitled on the principle of subrogation, to an implied vendor's lien springing out of the contracts of purchase and assumption by defendants from the original vendee and his assignee.

4. VENDOR AND PURCHASER ☞278—VENDOR'S LIEN—LIMITATIONS.

Where maker of note representing vendor's lien sold the property to defendants, who assumed payment of the note, but executed no new note, their contracts of assumption being for plaintiff's benefit, were as binding as if new notes had been executed, and were not barred until the expiration of four years from date of

assumption contracts, though suit thereon was brought more than four years after the note became due, in view of Rev. St. 1911, art. 5695, as amended by Acts 33d Leg. c. 123, and Acts Sp. Sess. 33d Leg. c. 27, relating to limitation of actions to enforce vendor's liens.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by the Standard Savings & Loan Association against L. C. Denman and the L. C. Denman Company. Judgment for plaintiff, and defendants appeal. Affirmed.

A. H. Kirby and Chas. H. Clark, both of Ft. Worth, for appellants. Flournoy, Smith & Storer, of Ft. Worth, for appellee.

DUNKLIN, J. L. C. Denman and L. C. Denman Company have appealed from a judgment rendered against them in favor of the Standard Savings & Loan Association for the sum of $1,989,98. with foreclosure of vendor's lien on certain real estate situated in the town of Jacksboro. The suit was instituted upon a promissory note dated November 28, 1902, due 106 months after date, and providing for interest and attorney's fees. The note was executed by A. J. Birdsong in favor of the plaintiff, Standard Savings & Loan Association, and at the time of its execution Birdsong also executed a deed of trust upon the property mentioned above to secure payment of the note.

On July 12, 1906, Birdsong sold the property to L. C. Denman for the consideration of $2,500, $285.45 of which was paid in cash, and the balance of said purchase price was the assumption by Denman to pay $2,214.55, the amount then due by Birdsong upon the note mentioned. The contract of assumption was expressed in the deed from Birdsong to Denman. On July 5, 1909, L. C. Denman sold the property to L. C. Denman Company for the consideration of $8,500, $6,000 of which was paid in cash, and the balance of the consideration, to wit, $2,500, consisted in the assumption by L. C. Denman Company to pay the note so given by Birdsong. That assumption was also expressed in the deed to L. C. Denman Company. In neither the deed to L. C. Denman nor the deed to L. C. Denman Company was there any express reservation of a vendor's lien nor was there any language to show that such lien was waived by the plaintiff.

Birdsong was also made party defendant, and a foreclosure of the lien was decreed against him also, but upon his plea of limitation no personal judgment was rendered against him, and no complaint is made of the judgment as to him; but L. C. Denman and L. C. Denman Company, appellants in this case, have assigned error to the action of the trial court in overruling their plea of statute of four-year limitation. The suit was instituted on June 29, 1916, four years, nine

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

months, and one day after the date the note sued on stipulates that it would mature.

[1] At the regular session of the Thirty-Third Legislature (Acts 33d Leg. c. 123), which convened in the year 1913, articles 5693, 5694, and 5695 of the Revised Statutes of 1911, which were statutes of limitations, were all amended, and at a special session of the same Legislature (Acts Sp. Sess. 33d Leg. c. 27), article 5695, as amended at the regular session, was again amended. We shall not undertake to set out those articles of the statutes in full. It is sufficient to say that as last amended they provide that liens upon real estate executed prior to July 14, 1905, are barred by limitation, unless suit should be instituted thereon or recorded extensions thereof procured within four years from date of maturity. But by article 5695 as last amended it is expressly provided that:

"The owners of all notes secured by deeds of trust or other liens and the owners of all vendors' lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four years statutes of limitation when this act takes effect, and if such debt is not extended of record, or suit is not brought within such four years or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same."

When those amendments took effect four years had not elapsed since the maturity of the note. But it is quite clear that the demand for a personal judgment against Birdsong in this case was barred, as the note was four years past due when the suit was instituted, and he had never executed any contract to extend the time of its payment. The suit was also barred as against Denman and the Denman Company, unless it can be said that the provision of article 5695 quoted prevents that result. Those defendants insist that as they did not execute any new note, but only assumed the payment of the note previously given by Birdsong, they stand in his shoes, and have the right to invoke the statute of limitation to the same extent as he can invoke it. Among others the following authorities are cited to support that contention: Newman v. San Antonio Trac. Co., 155 S. W. 688; Pickett v. Jackson, 42 S. W. 568; Peterson v. Kerbey, 151 S. W. 321. While those authorities announce the proposition in general terms that one who assumes the payment of a debt becomes obligated to the same extent as the original debtor, we do not believe that they go to the extent of holding that the one who assumes the debt is in all cases entitled to the same defenses as the original debtor. In Southern Home Bldg. & Loan Ass'n v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825, this court used the following language:

"It is well settled that the usury in the original contract, if any, cannot be pleaded by a subsequent purchaser of the security, who, as part of the consideration for the purchase, promised absolutely to pay the full amount of the usurious debt, because, as it has been said, his liability arises from his assumption—a new contract—and not upon the original usurious one, and he is supposed to have received a consideration, in the value of the property received by him, for all that he promises to pay. See Association v. Sellars [19 Tex. Civ. App. 201] 46 S. W. 370, and authorities there cited; Association v. Price [18 Tex. Civ. App.] 46 S. W. 92; Vaughn v. Association, 36 S. W. 1013."

And in Spann v. Cochran, 63 Tex. 240, and Beitel v. Dobbin, 44 S. W. 299, it was held in effect that one buying property which is covered by a lien who assumes payment of the debt outstanding against it gives to the creditor a cause of action against him, and as between him and the original debtor he is in legal effect the principal and the original debtor the surety.

[2] It is also well settled by the decisions of this state that a vendor's lien exists to secure the payment of the purchase money on real estate sold on a credit, even though no such lien is expressly retained. In Joiner v. Perkins, 59 Tex. 302, our Supreme Court said:

"Without any contract or agreement, by operation of law this lien springs at once out of the contract of purchase, and exists and survives until waived or extinguished by payment, as between the original parties to the notes, wholly independent of any agreement, verbal or written."

To the same effect are Cecil v. Henry, 93 S. W. 217, Clark v. Collins, 76 Tex. 36, 13 S. W. 44, and many other authorities which might be cited.

[3] In addition to the lien provided in the deed of trust, plaintiff, upon the principle of subrogation, became entitled also to the implied vendors' liens springing out of the contracts of purchase by Denman and the Denman Company in favor of the vendors in the deeds of conveyance to them respectively; and those vendors' liens were claimed and alleged by plaintiff in its petition. First Nat. Bank of Bellville v. Wheeler, 33 S. W. 1093; Catskill Nat. Bank v. Dumary, 206 N. Y. 550, 100 N. E. 422; 37 Cyc. 437.

[4] Neither Denman nor the Denman Company was a party to the note and deed of trust as originally executed. Neither of them in any manner became a party to those obligations prior to July 14, 1905, but each expressly assumed them in the respective deeds of purchase which were executed subsequently to that date. Those contracts of assumption were for plaintiff's benefit, and were as binding as if they were executed in the form of new notes and new deeds of trust directly in favor of plaintiff, instead of contracts of assumption of obligations theretofore executed by Birdsong, and as they were executed subsequently to July 14, 1905, they come squarely within the proviso quoted from article 5695 of our Statutes, and were not barred by limitation.

As all of appellants' assignments of error

present the same question discussed above, they are overruled, and the judgment of the trial court against appellants is affirmed. The further judgment as between plaintiff and defendant Birdsong, of which· no complaint is made, is undisturbed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.