## WESTON v. GENERAL MOTORS ACCEPTANCE CORPORATION et al.   (No. 2092.)

(Court of Civil Appeals of Texas. Amarillo. April 18, 1923.)

1. **Judgment** ⬅252(1)—Not sustained as to lien granted without prayer.

In an action against defendant and A., who sold an automobile to defendant, on a note and mortgage for the price, transferred to plaintiff, in which defendant alleged that A. took back the automobile and sold defendant a truck which was not as represented, and A. entered a denial asking for no affirmative relief, a judgment against defendant and A., to be first enforced against defendant, and giving A. a lien on the truck for amount he might be compelled to pay on the judgment, was without support in the pleadings as to the granting of such lien.

2. **Appeal and error** ⬅1050(2)—Admission of evidence held harmless as on immaterial issue.

In a suit on a note and mortgage given by defendant to A. on purchase of an automobile and transferred to plaintiff, in which defendant alleged A. took back the automobile and sold plaintiff a truck on which was to be applied the money paid on the automobile, and that the truck was not as represented, evidence that the automobile did not come up to representations *held* immaterial, and admission of evidence concerning it was harmless.

3. **Sales** ⬅365—Findings as to representations of seller held not inconsistent.

Findings that seller of a truck represented it suitable for hauling grain, that buyer could make certain amounts daily, that such representations were not false, that buyer did not rely thereon, that seller agreed to keep truck in repair, and that breaks were due to defects in material and workmanship, and not to buyer's negligence, *held* not inconsistent as to the breaking, repairs, and reliance on representations.

4. **Chattel mortgages** ⬅243—Release of subsequent chattel mortgage held not to release prior mortgage and note to another.

Where defendant purchased an automobile giving note and mortgage, and subsequently the seller took back the automobile and resold it

to another, taking note and mortgage from such other person, and both mortgages and notes were transferred to plaintiff, his release of the note and mortgage to such other purchaser did not release defendant's note and mortgage.

**5. Appeal and error ⬤⟿930(3)—Judgment in favor of one made party by defendant, but not mentioned in the verdict, held within the court's power.**

Where defendant in a suit on a note given for the purchase price of an automobile made a third person a party, alleging that the seller was such person's agent, and the verdict found against defendant, a judgment granting relief to such person was within the power of the court, under Rev. St. art. 1985, providing that an issue not found shall be deemed on appeal as found so as to support the judgment, though the verdict did not mention such person.

**6. Appeal and error ⬤⟿742(1)—Propositions in brief without statement held abandoned.**

Propositions in the brief that are not followed up with any statement or further mention will be considered as abandoned.

Appeal from District Court, Donley County; Henry S. Bishop, Judge.

Action by the General Motors Acceptance Corporation against W. B. Weston and G. E. Allen, in which defendant Weston made the Olds Motor Works a party. From a judgment for plaintiff and the Olds Motor Works, and granting defendant Allen a lien as against defendant Weston, defendant Weston appeals. Modified by eliminating the lien given defendant Allen, and affirmed.

W. T. Link, of Clarendon, for appellant.

Cole & Simpson, of Clarendon, for appellees.

BOYCE, J. The General Motors Acceptance Corporation brought this suit against W. B. Weston and G. E. Allen on a note executed by Weston, payable to and indorsed by Allen, and to foreclose a chattel mortgage on a passenger automobile given to .secure payment of said note.

Weston answered that the note was given in part payment for the automobile sold to him by Allen; that the automobile did not fulfill the terms of the guaranty under which it was sold, and Allen thereafter took it back and resold it to one J. R. Dale, taking Dale's note for $400 in part payment, secured by a chattel mortgage on the car, which said note was also transferred to plaintiff;. that this mortgage was subsequently released by plaintiff; that at the time of the return of said automobile the plaintiff purchased of the said Allen a motortruck under agreement that the cash paid on the automobile would be applied on the purchase of the truck, and that Allen would procure the return of the note given in the passenger automobile transaction, whereupon Weston was to execute his note to Allen for a similar amount, securing

the same by mortgage on the truck; that Allen, in selling said truck, represented that it was one of the best trucks made; would haul a load of from 3,000 to 4,000 pounds; that Weston could make from $15 to $25 per day out of it by hauling wheat and agreed during the 1920 wheat harvest season then approaching to keep said truck in repair, free of cost to the said Weston; that the truck was not as represented and warranted, but broke down within a few days after defendant began to use it and was worthless; that Allen refused to repair it unless Weston would pay for the material and labor necessary therefor; that this defendant Weston then tendered the truck to Allen, in whose possession it then was for repair, and demanded return of his note and the cash paid on the transaction. Weston further alleged that Allen was the agent for the plaintiff and its partner, the Olds Motor Works, which last-named corporation was made a party defendant by him, and that the plaintiff is not an innocent purchaser of the note. He prayed for cancellation of his note and judgment for the amount of cash paid, and in the alternative for judgment against Allen if he should be held liable on the note to the plaintiff.

The defendant Allen replied that he accepted the automobile in part payment for the truck and agreed to make an effort to secure the plaintiff's consent to a substitution of the truck in lieu of the automobile as security for the note executed by Weston; that Weston agreed that, in the event the plaintiff did not agree to the substitution, then he would execute a note to Allen for the same amount to be held by Allen until such time as Weston paid the note to plaintiff. There is no allegation, however, that Weston was to secure the payment of this note by a lien on the truck. Allen denied being agent for the plaintiff or the Olds Motor Works. He also denied making any warranties as to the truck or any agreement to keep it in repair. His answer contains no prayer for any affirmative relief as against Weston.

The court gave a peremptory instruction to the jury to find for the plaintiff on the note. In response to special issues the jury found: (1) That Allen represented to Weston that the truck was suitable for hauling grain; (2) that this representation was not false; (3) that Allen represented that Weston could earn from $15 to $25 per day by the use of said truck; (4) that this representation was not false; (5) that Weston did not rely on the representations above mentioned; (6) that Allen agreed to keep the truck in repair without cost except carriage charges on repairs that he did not have in stock; (7) that the break in the motor of the truck was due to defects in material, workmanship, or construction, and .not to the negligence of Weston in handling it; (8) that the passen-

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ger automobile was not delivered to Allen on agreement that the note sued on should be returned to Weston.

The court entered judgment for the plaintiff against Allen and Weston, directing that execution be first issued against Weston; that Weston take nothing by his cross-action against Allen except that he was decreed the right to the possession of the truck, free of Allen's claims for repairs, but Allen was decreed a lien against the truck to secure the payment by Weston of the judgment in plaintiff's favor, and Allen was allowed a foreclosure and order of sale against the truck to make whatever amount he was required to pay plaintiff on the judgment.

[1] There is no pleading to support the judgment forclosing a lien on the truck in favor of the defendant Allen. He did not allege that Weston agreed to give a lien on the truck in the event the plaintiff refused to transfer its lien from the automobile to the truck. Nowhere in his pleading does he allege the existence of such a lien, and he does not pray for any affirmative relief whatever against Weston. Clark v. Collins, 76 Tex. 33, 13 S. W. 44; Burks v. Burks (Tex. Civ. App.) 141 S. W. 337; Lee v. British & American Mortgage Co., 16 Tex. Civ. App. 671, 40 S. W. 1041; Fisher v. Russell (Tex. Civ. App.) 204 S. W. 143.

[2] The fact that the passenger automobile did not come up to the representations made with reference to it, if it did not, was not material to a determination of the rights of the parties as the issues were finally developed and submitted, and hence there was no reversible error in the admission of the testimony referred to in the second, third, and fifteenth propositions.

[3] We do not think there is any necessary contradiction in the findings of the jury that the automobile was suitable for handling grain and that it broke down through defects in workmanship or material. The conclusion of the jury probably was that the break was caused by some minor defects which could be repaired without material impairment of the usefulness of the truck. Allen's agreement to keep the truck in repair shows that it was contemplated that some occasion therefor might arise, and that the necessity for repair would not prove conclusively that the truck was not as represented. The finding that Weston did not rely on representations made by Allen as to the truck and what he might earn with it were probably due to the conclusion by the jury that Weston was not influenced by any such trade talk, but bought on reliance of his own judgment, so that this finding does not show any inconsistency with other findings.

There is no reversible error in the action of the court in instructing the jury peremptorily in the plaintiff's favor. In the first place, the evidence is not, in our opinion, sufficient to raise an issue as to Allen's alleged agency for the plaintiff. In the second place, under the findings of the jury, Weston has no defense to the note sued on, and Allen would have been entitled to judgment thereon, even had it not been held by plaintiff.

[4] We cannot understand how the acceptance by plaintiff of Dale's note, secured by a chattel mortgage on the same automobile and subsequent release of the Dale mortgage, would release defendant from liability for payment of the note sued on, secured by a prior mortgage on the same automobile. The Dale note and mortgage was not security for plaintiff's note, and it was an independent transaction altogether.

[5] Appellant made the Olds Motor Works a party to the suit, alleging that Allen was its agent and acted for it selling the truck and automobile, and that it was responsible for Allen's acts in such matters, and liable to plaintiff. The sixth proposition is that the judgment in favor of the Olds Motor Works is fundamentally erroneous because the verdict of the jury does not mention such defendant, and the court was without power to render judgment on any issues not disposed of by the verdict of the jury. This proposition is not tenable. R. C. S. art. 1985; Moore v. Pierson, 100 Tex. 113, 94 S. W. 1132.

[6] These general conclusions dispose of all propositions relied on by appellant. His brief contains a number of propositions that are not followed up with any statement or further mention. We consider these as having been abandoned.

The judgment will be reformed so as to eliminate that part of it which established and foreclosed a lien in Allen's favor on the truck, and will be in other respects affirmed.