McCabe & Steen v. H. T. Farrell et al.

Decided December 12, 1903.

**1.—Agency—Independent Contractor.**
Evidence considered and held to warrant a finding to the effect that a party, in making a contract with plaintiff for certain railroad work, was acting as the agent of a firm, and not as an independent contractor.

**2.—Same—Pleading—Issue Made by Answer.**
Where plaintiff sued a firm and one L. jointly on a contract of employment, and the firm tendered into court what it claimed to be the proper amount due under the contract, and specially pleaded a denial that L. was a member of the firm, alleging that L. had no relation to the firm except that he took from it a subcontract to do the work, such plea, to which the law supplies a general denial, put in issue L.'s true relation to the contract, and warranted evidence to show that L., in making the contract, acted as the agent of the firm.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*Wynne, McCart & Bowlin,* for appellants.

*R. E. Beckham* and *Robt. G. Johnson,* for appellees.

CONNER, CHIEF JUSTICE.—Appellee sued the firm of McCabe & Steen and one E. L. Le May for the contract price of certain labor done, etc., in the construction of the railroad of the Texas & Southern Railway Company. As alleged the contract therefor was made with McCabe & Steen and Le May jointly, as contractors of said railway company, and prayer was for judgment against them for the amount of the alleged balance due, with foreclosure of the asserted lien against the railway. Final judgment was for appellee against McCabe & Steen for $1058.28, and in favor of Le May and the railway company, hence this appeal by McCabe & Steen.

The charge of the court is assailed as erroneous in that, among other things, the jury were instructed in substance that if they should find from the evidence that the contract declared upon had been made by Le May as an authorized agent of McCabe & Steen, said firm was liable for such unpaid sum as the jury should find was due appellee by virtue of the labor, etc., done under the contract. The grounds of objection, which will be disposed of in the inverse order of their presentation, are that "said charge was not justified by the plaintiff's pleadings in the case, as plaintiff alleged a joint cause of action against E. A. Le May and McCabe & Steen, and did not allege that E. A. Le May had made the contract sued upon as the agent of McCabe & Steen; (b) because the evidence did not warrant such charge in this, that there was no evidence showing that E. A. Le May, in making the contract sued upon, was acting as the agent of McCabe & Steen."

We think the evidence not only authorized the submission of the issue, but that it is also sufficient to sustain the verdict and judgment

thereon in appellee's favor. Appellee testified in substance that he applied to the chief engineer of the defendant railway company for employment, and was by him referred to McCabe & Steen; that he then wrote to McCabe & Steen, and in response received a letter from Le May to come to Sherman; that he went to McCabe & Steen's office in Sherman and there found Le May apparently in charge of their office, and agreed with him as to the price to be paid for hauling done by him without disclosing his connection with McCabe & Steen; and that he never heard of Le May being a subcontractor of McCabe & Steen's until after he had done the hauling claimed; that from December to March, McCabe & Steen had paid him for his work on estimates and orders from Le May; that McCabe directed him to do some of the work; that the teams and implements used by Le May belonged to McCabe & Steen; that McCabe & Steen paid him for hauling on Le May's estimates; that when he made the contract with Le May he was to be paid by McCabe & Steen.

McCabe testified in substance that he might have directed Le May to answer plaintiff's letter—that such things occurred in their office every day; that when plaintiff applied to him for payment of the bill sued on he declined to pay it because it was for more than the work was worth, but made no claim that the same was owing by Le May as subcontractor. John C. King, a witness for defendants, testified in substance that he worked for McCabe & Steen, using their teams on the work.

V. E. Steen, of the firm of McCabe & Steen, testified in substance that he was present when plaintiff presented his bill for balance sued for, and that at that time there was no objection on their part to paying what was honestly due him; that the teams, implements and tools used by Le May belonged to McCabe & Steen, and that there had been no settlement between them and Le May. "In addition to which appellants, among other pleas, contested the extent of appellee's claim, alleging that but $121.80 was due appellee thereon, which amount they tendered in court and prayed to be discharged from * * * further liability to him." From all which it seems clear to us that the jury were authorized to conclude that Le May, in making the contract with appellee, was acting for and in the interest of McCabe & Steen, and not as an independent subcontractor, as appellants specially answered.

But what of the first objection made to the charge? As alleged, the contract was with McCabe & Steen and Le May. As proved, McCabe & Steen made the contract by their agent Le May, who was relieved on that ground, and appellee hence failed in his proof and case as to Le May. There was no objection to the evidence, and it is perhaps to be doubted whether advantage of what may be plausibly urged as constituting at most a mere variance between the allegation and proof can be made available on objection to the charge. Moffatt v. Sydnor, 13 Texas, 628; Hutchins v. Bacon, 46 Texas, 414. We will not rest our

conclusion upon this ground, however, as it may be in conflict or seeming conflict with the case of Peyton v. Cook, 32 S. W. Rep., 781, and inasmuch as there is another ground upon which we conclude the objection under consideration must be overruled.

In addition to the tender hereinbefore mentioned appellants also pleaded specially as follows: "Third. Said defendants specially deny that they were partners with defendant Le May, or ever made any contract with plaintiff concerning the matters alleged in plaintiff's petition, and that if plaintiff ever made any contract with any person relating to same, that he made such contract with defendant Le May, and that said defendant Le May had no relation to them except that he took from them a subcontract to do, himself, the work of hauling piling and lumber on the part of the railway mentioned in plaintiff's petition, these defendants being the contractors to do same under a contract with the defendant railway company, and of this they put themselves upon the country."

This plea, to which the law supplies the general denial without a replication, put in issue Le May's true relation to the contract and to McCabe & Steen. Under his general denial appellee could prove any fact disproving the material allegations of the special plea. Winn v. Gilmer, 81 Texas, 345. If Le May was the agent as shown, and made the contract in behalf of McCabe & Steen only, then he was not a mere subcontractor making individual contract as such, as is in effect alleged in the special plea. The agency, therefore, of Le May, and the consequent liability of appellants, having been put in issue by the answer, it was the clear duty of the court to submit the issues as was done, notwithstanding the absence of a specific presentation of such state of case in the petition. For the law of the case, which the statute requires the court to charge, is the law arising upon the issues made by the evidence and the pleadings, and the pleadings comprehend both petition and answer. Rev. Stats., art. 1183; Fitzhugh v. Connor, 74 S. W. Rep., 83.

Appellants also assign error to the judgment in favor of Le May and the railway company. They have, however, asserted no right or equity against either in their pleading, and we think it manifest appellants have no cause of complaint in these particulars.

The judgment will be affirmed.

*Affirmed.*

Writ of error refused.