### GEORGE AND ELIAS TABET V. DAVID J. POWELL.

Decided May 17, 1905.

**1.—Practice on Appeal—Conflicting Evidence.**

Where there is evidence sufficient to support the finding of the trial judge, the matter of a conflict of evidence will not afford ground for reversing the judgment on appeal.

**2.—Agency—Proof of.**

Whatever evidence tends to prove an alleged agency is admissible for that purpose, though it be not full and satisfactory, it being the province of the jury to pass upon it.

**3.—Agent as Surety.**

Where an agent signs as an obligor a contract made by him in his capacity as agent, his liability thereon is that of a surety.

Appeal from the District Court of Bexar. Tried below before Hon. A. N. Seeligson.

*W. H. Lipscomb* and *Walter Napier,* for appellants.

*T. H. Ridgeway* and *D. J. Powell,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case, and a full statement of its nature will be found in our opinion on the first, reported in 78 S. W. Rep., 997. It is sufficient to say here that appellee's cause of action is based upon the following allegations: (1) that on March 29, 1902, he was employed, as an attorney at law, by George Tabet acting as the agent for and in behalf of his brother Elias Tabet, to act for Elias as his legal representative in all things connected with and pertaining to his claim against the Galveston, Harrisburg & San Antonio Ry. Co. for personal injuries sustained by him on March 7, 1902, at Maxon Springs, Texas, and that, in consideration of services rendered and to be rendered by appellee, George Tabet bound himself and Elias to pay him one-half of all amounts that might be received by Elias from said railroad company in settlement of said claim; (2) that in pursuance of such contract of employment appellee rendered all legal services and gave all legal counsel necessary in the settlement of said claim; (3) that on April 23, 1902, appellants settled said claim with the railroad company for $4,500, and (4) that they have failed

and· refused to pay appellee anything of the sum collected, of which, under the contract, he is entitled to one-half, that is, $2,250.

Elias Tabet by his answer denied that he ever authorized or empowered his brother George to make the contract or ever ratified or acquiesced in the same. George answered by a general denial, and specially plead that if he was liable at all, his liability was as a surety only. The case was tried without a jury, and the court found that the material allegations in plaintiffs' petition were sustained,. and thereupon rendered judgment in his favor against both defendants for the sum of $1,894, with 6 percent interest thereon from the 1st of May, 1902, aggregating the sum of $2,178.

All of the allegations stated, constituting plaintiffs cause of action, were proved by the uncontradicted testimony except the first; and the only controversy about it is as to the authority of George Tabet to make the contract for his brother Elias, which is copied in the opinion on the first appeal.

While the evidence upon the issue is conflicting, we are not prepared to say that it is not sufficient to support the finding of the trial judge. "It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case, but it may be said in general terms that whatever evidence has a tendency to prove the agency is admissible, even though it be not full and satisfactory, as it is the province of the jury to pass upon it." Mech. Ag., sec. 106. As it is said in Donaldson v. Everhart, 50 Kans., 718, 32 Pac., 405, "Testimony on paper is not like testimony from the lips, and when a trial judge hears living voices, and sees the witnesses, who utter it, believes one, and disbelieves others, we can not decide that the judge, having better opportunities than we, ought to have believed and found the other way." Therefore, as there was evidence tending to support the finding of the trial judge on the issue of agency, it is our duty to make his finding our own.

The authority of George Tabet being shown to make the contract for his brother, we think he can only be held liable thereon as a surety, and to that extent will notify the judgment. And as so modified it will be affirmed.

*Modified and affirmed.*

### ON MOTION FOR REHEARING.

In this motion it is insisted that the only question raised by the first assignment of error was one of law, and not of fact, and that an assignment, like this one, which asserts the nonexistence of "a certain state, condition, or thing," does not raise the question of the sufficiency of the evidence to establish such state, condition, or thing, and hence we erred in considering the question of agency as one of fact, and in finding agency established by the evidence as a fact.

It seems to be the rule that where the facts are undisputed and different inferences can not reasonably be drawn from them, the question is one of law. But how much law must a man know, to say that jurors can not reasonably draw different conclusions from the undisputed testimony in any given case? Must his learning be so profound and his

research so vast that he may be able to say with confidence, as do appellants' counsel in this motion, "there is not an authority in the English-speaking world that supports the decision" of the court on the question? In considering the question claimed to be purely one of law, must not the record be examined in order to determine from it whether there be any evidence upon it, and, if such evidence is found, whether it is such that different inferences can not reasonably be drawn? No other way is perceived of determining whether the matter presented by the question is one of law or of fact, unless the court should take the ipse dixit of counsel of such extended research as those of appellants. When the original opinion was written, we were not informed of the comprehensive learning implied by what is said in this motion of appellants' counsel, and went to the record to find out whether it contained any evidence tending to prove that George Tabet had authority to execute the contract sued on. In it we found what at least we believed to be such evidence. If in this we were correct, appellants' assignment, which asserted there was no such evidence, was overturned and the question of law insisted upon at an end. What then were we to do? We thought it our duty to determine the probative force of such evidence and, if reasonably sufficient to support the conclusion of the trial court, to register such conclusion as our own. Though the question presented was one of law, we ascertained that which was contended for was not law; and, then, from the evidence in the record, we found the conclusion of fact in accordance with the finding of the trial court.

There can be no question that George Tabet was the agent, with authority of some extent, of his brother Elias to settle the latter's claim against the railroad company. This is not denied, and is shown by the undisputed testimony. If, as we held on the former appeal, the proof establishes he was authorized only to settle the claim, he had no power to make the contract sued on. But does the proof show that he was authorized only to settle the claim? It being proved beyond question that George had authority to settle his brother's claim, it became necessary to determine the scope and extent of such authority, or what was comprehended by it.

Counsel for appellants say, correctly, that "an agent has the authority to do everything that is 'necessary, proper or usual as a means to effectuate the purpose for which he was appointed.' This much is implied as a matter of law, because the principal is presumed to authorize his agent to do those things which are either usual, necessary, or proper to accomplish the purpose of his appointment." The purpose of George's appointment by Elias was to effect as advantageous a settlement of the latter's claim as practical. If to accomplish this purpose it was necessary or proper to retain an attorney at law, George Tabet had the power to employ appellee to aid counsel and advise him in effecting such settlement. If he had the power to effectuate it, he had the concomitant authority to contract with him on behalf of his principal for reasonable compensation for his services.

As there is no evidence in the record tending to show that George Tabet was authorized only to settle the claim, or in other words, that his authority was so limited as to exclude the usual, necessary or proper means to accomplish the settlement, it can not be said that his authority

was limited only to the settlement of the claim. But it must be assumed that he had all the concomitant authority, implied by the law, necessary to accomplish the purpose of his agency.

Aside from this the evidence strongly tends to show that Elias was informed by his brother George that he had employed appellee to aid, counsel and assist him in effecting the settlement of the claim, and of the precise terms of the employment. For if the testimony of appellee and his stenographer is to be believed, a letter was written, properly addressed, and mailed by George Tabet to Elias, informing him of the contract of employment, and its terms, made by the former for the latter with appellee. The letter was never returned. From these facts the trial court was authorized in finding, despite the denial of Elias, that the letter was received by him, and, having received it, and being informed thereby of the terms of the contract, and having never informed appellee that such contract of employment was unauthorized, that such contract was either authorized or ratified and acquiesced in by him. These were matters of fact for the finding of the trial court, and, since counsel for appellants have assured us that "there are a thousand Texas cases supporting the proposition that, when a case has been tried before the court without the intervention of a jury, the trial judge occupies the same position the jury does, and, having heard the witnesses testify, seen their demeanor on the stand, etc., he is in a better position to pass on a question of fact than an Appellate Court would be, and his finding of facts will not ordinarily be disturbed," we deem it our duty to bow in obedience to such a great weight of authority, and overrule this motion.

*Overruled.*

Writ of error refused.