TEXAS EMPLOYERS' INS. ASS'N v.
MUMMEY et al.    (No. 282.)

(Court of Civil Appeals of Texas. Beaumont.
Dec. 26, 1917. Rehearing Denied
Jan. 23, 1918.)

1. APPEAL AND ERROR ⊂═▷742(3) — ASSIGNMENT OF ERROR—STATEMENT SHOWING ACTION OF TRIAL COURT—RULE OF COURT.

Objection to consideration of an assignment of error that it violates rule 31 for the Courts of Civil Appeals (142 S. W. xiii), in that the statement subjoined does not quote from the record the trial court's action on special demurrer to the petition, is well taken, where it would require a search of the record to determine what action the trial court took.

2. MASTER AND SERVANT ⊂═▷401—EMPLOYERS' LIABILITY ACT—PLEADING—ALLEGATION OF NOTICE "AS SOON AS PRACTICABLE" — "IN DUE TIME."

In suit against the Texas Employers' Insurance Association under the Texas Employers' Liability Act of 1913 (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), the allegation in the petition that notice of the injury had been given the employer and the insurance association "in due

time" was equivalent to an allegation that it was given "as soon as practicable," as required.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, As Soon as Practicable.]

3. MASTER AND SERVANT ⊜⇒398—EMPLOYERS' LIABILITY ACT — NOTICE OF INJURY — "AS SOON AS PRACTICABLE."

Verbal report of injury to a servant, made a day or two before his death to his foreman, the proper person to receive it, satisfied the Employers' Liability Act of 1913, pt. 2, § 4a (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246ppp), requiring notice of injury "as soon as practicable," which does not mean "as soon as possible"; the word "practicable" importing a difference, and meaning ordinarily that the thing must be done as soon as reasonably can be expected.

4. MASTER AND SERVANT ⊜⇒404—EMPLOYERS' LIABILITY ACT—EVIDENCE.

An injured servant's report of his injury to his foreman having been verbal, in his parents' action for his death under the Employers' Liability Act of 1913, it was proper to hear the testimony of witnesses, the foreman, and another, to establish that the report of injury was made, and its contents.

5. MASTER AND SERVANT ⊜⇒405 (1)—EMPLOYERS' LIABILITY ACT—EVIDENCE.

In a parents' action, under the Employers' Liability Act of 1913, for death of their son in service, reports of the injury made by the employer to the Industrial Accident Board were admissible, and constituted prima facie evidence of the statements in them.

6. APPEAL AND ERROR ⊜⇒1010(1)—REVIEW—DUTY OF TRIAL COURT TO DETERMINE EFFECT OF TESTIMONY.

It is the duty of the trial court to determine the effect of the testimony not of the Court of Appeals.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by Henry Mummey and another against the Texas Employers' Insurance Association. From a judgment for plaintiffs, defendant appeals. Judgment affirmed.

Harry P. Lawther, of Dallas, for appellant. James A. Harrison, of Beaumont, for appellees.

KING, J. Appellees filed suit against the appellant, alleging that they were the father and mother of Charles Mummey, deceased, who died unmarried and without issue; that on December 31, 1914, their son, Charles Mummey, while in the employment of the Texas Company, slipped and fell, coming down with great force upon an iron pipe line laid on top of the floor, by which he was bruised and injured, resulting in an abscess which caused his death on February 25, 1915. The Texas Company, a large employer of men, was a subscriber to the Texas Employers' Insurance Association under the terms of the Texas Employers' Liability Act of 1913. It was alleged that Charles Mummey and appellees had notified both the said Texas Company and the insurance association in due time of said injury, and that appellees had made claim for their damages within six months after the death of their son, and filed same with the Industrial Accident Board. The board made its final ruling, allowing the claim, and appellant refused to abide by same, and required appellees to bring suit. Appellant answered by general demurrer, special demurrer to the want of any allegation in the petition that notice of the injury of said Charles Mummey had been given to the association or its subscribers "as soon as practicable" after the happening of the accident, as required by section 4a, pt. 2, of the act, general denial, special denial that the death of said Charles Mummey resulted from the injury claimed. The cause was tried by the court without a jury, and judgment was rendered in favor of appellees for the sum of $9.72 per week for 360 weeks, beginning January 8, 1915, aggregating $3,499.20, the weekly payments to bear interest at the rate of 6 per cent. per annum. Appeal has been perfected to this court.

[1, 2] We are met with an objection from appellees to the consideration of the first assignment of error, which complains that there was no allegation in the petition of plaintiffs that notice of the injury to the deceased had been given to the association or to its subscriber, as soon as practicable after the happening of the accident, because the same violates rule 31 (142 S. W. xiii) of this court, in that the statement subjoined does not quote from the record the action of the trial court upon this special demurrer as to whether it was called to the attention of the court, sustained, or overruled. The objection is well taken, as it would require a search of the record to determine what action the trial court took upon the special demurrer. Taking it for granted, however, that the record would disclose that the exception was overruled and proper exceptions reserved, we have decided that the allegations in plaintiffs' petition that notice had been given in due time was equivalent to an allegation that it was given as soon as practicable.

The consideration of but two questions is necessary to a decision of the matters raised by appellant: (1) Was appellant notified of the injury as soon as practicable after the happening of the alleged accident; and (2) is there evidence in the record sufficient upon which to base the judgment?

On January 14th deceased did not return to his work, Mr. Simpson, his foreman, testifying that some one telephoned him that deceased was sick. William Laufenberg testified that he was the person who telephoned to Simpson, and that he did so at the request of Mrs. Mummey, and that he told Simpson that deceased was sick and had been hurt and could not come to work, but that he did not tell Simpson where or how deceased got hurt. Charles Mummey died February

25, 1915, and Mr. Simpson, his foreman, testified that deceased's brother, Clyde Mummey, came to him and told witness that his brother Charles was in the hospital, and the doctor said he had received an injury, and asked whether or not he knew anything about him getting hurt. Witness thereupon went to the hospital, and according to the witness Simpson reported to him that while he was dumping red lead from kegs into the soap mixer he slipped and fell and hurt himself; that he understood deceased to say that he hurt his side; that he asked deceased why he did not report to him at the time it happened, and he said he did not think it would amount to anything, and he did not think it worth while to make a report of it.

Clyde Mummey testified that his brother, the deceased, reported to Mr. Simpson, and that he heard him tell Simpson that he slipped and fell straddle of the pipe, but the abscess at that time had moved up in his left side; that the original bruise was between the legs; that he slipped and fell straddle of that iron pipe.

[3, 4] The verbal report of the injury a day or two before the death of the deceased to his foreman, Simpson, who the evidence shows was the proper person to receive the report, satisfies the law as required by part 2, § 4a, of the Act of 1913. "As soon as practicable" does not mean as soon as possible, the word "practicable" importing a difference according to the circumstances, and meaning ordinarily that the thing must be done as soon as reasonably can be expected. Furthermore, the record discloses that no prejudice resulted by virtue of the report not having been made sooner, because it is agreed by the parties that the deceased worked alone in a room, and that no eyewitnesses could be had to the transaction, and therefore no investigation could have been made by the company as to the accident itself. The record further discloses that the deceased had the very best medical attention obtainable, and that everything that medical skill could do was done for him. The report being verbal, it was proper to hear the testimony of Simpson and Clyde Mummey to establish that the report was made, and the contents of the report.

On February 27th, two days after the death of Charles Mummey, the Texas Company made a report to the Industrial Accident Board, as required by the act of 1913, and upon a blank furnished by the board, and in said report stated that the deceased was an employé, being an oil refiner, and that the accident happened at the plant of the company at Port Arthur on December 31, 1914; that he was hurt in the left side and in giving the nature of the injury stated that he was bruised internally, had a large sore in left groin, which they understood had about seven openings, and which issued a discharge which could be smelled the moment one entered the room, and gave the name of the attending physicians who treated the deceased, and that deceased died on the morning of February 25, 1915. In a supplemental report by the Texas Company to the Industrial Accident Board, in giving the extent of the injury, the company used the following language:

"Injured December 31, 1914. Incapacitated from January 13th to date of death, February 25, 1915."

[5] The record discloses that no objection was made to the introduction by plaintiffs of these reports. They were admissible, and constituted prima facie evidence of the statements therein contained. It has been held by the Supreme Court of Michigan that a report to the Industrial Accident Board by the employer, made before the death of the employé, and at a time when he had ample opportunity to investigate and all sources of information were fresh and available, stating that the employé was injured by running a nail into his hand while throwing wood into a furnace, and a second report, after death, stating that he was injured by scratching his hand on a nail, constituted prima facie evidence that the accident and injury occurred, as reported, and supported a finding of the board that such injury arose out of and in the course of the employment.

The Michigan Act with reference to reports required to be made by the employer is almost word for word like the Texas Act of 1913 upon this subject. Reck v. Whittlesberger, 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C, 771; First National Bank v. Industrial Commission, 161 Wis. 526, 154 N. W. 847. Honnold on Workmen's Compensation says:

"The report of the accident made by the employer, as required by statute, is competent prima facie evidence of the facts stated therein, subject to be explained or contradicted."

The testimony shows that deceased was suffering from a perirectal abscess, which produced septic toxemia, which resulted in death. The testimony of the physicians shows that a perirectal abscess may be the result of several causes, but that it is entirely consistent with an injury as claimed herein.

[6] The trial court having heard the testimony, and there being evidence in the record which shows that the deceased probably died from the accident, as reported by the employer, and it being the duty of the lower court to determine the effect of the testimony, we feel unauthorized to disturb the judgment of the trial court, and therefore affirm the case.