### CRUTCHER et al. v. SWINDLER.
### (No. 6910.)

(Court of Civil Appeals of Texas. San Antonio. March 21, 1923. Rehearing Granted April 18, 1923.)

**1. Principal and agent ⚬⚬23(2)—Relation may be established by circumstantial evidence.**

The fact of agency may be established either by direct or circumstantial evidence.

**2. Appeal and error ⚬⚬1051(1)—Declaration of agent harmless, where agency otherwise established.**

Where there was sufficient evidence before the jury to establish agency, this rendered harmless the alleged declaration of the agent.

---

⚬⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Trial ⬥⟶143—No verdict directed, if evidence pro and con.**

If there is any evidence upon any material issue in the case pro and con, the court is not allowed to take the case from the jury and assume their function, though, if the evidence is not satisfactory to the court, it might justify a new trial.

### On Motion for Rehearing.

**4. Appeal and error ⬥⟶1060(1)—Argument of counsel, creating sympathy for plaintiff, held prejudicial error.**

In action on vendor's lien notes, it was prejudicial error for plaintiff's counsel to state in argument, "They did not tell you she (plaintiff) had to make monthly installments on her home, and they did not tell you she had four young children to support. No jury in B. county will ever permit this little woman to be handled by a man like H. & L. handled her," etc., the evidence being very close.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by Clara Swindler against Mabel E. Crutcher and others. Judgment for plaintiff, and defendants appeal. Judgment set aside, and cause remanded for new trial.

Will A. Morriss and W. E. Engel, both of San Antonio, for appellants.

T. M. West, E. B. Simmons, and T. B. Monroe, all of San Antonio, for appellee.

COBBS, J. Appellee sued appellant to recover the difference between the proceeds of two vendor's lien notes in the principal sum of $500 and $1,535, and the amount owing to appellant by appellee on a promissory note for the principal sum of $1,500 to secure which the said vendor's lien notes were delivered as collateral security.

It was alleged this loan was made through J. B. Hollyfield, her agent, on her promissory note for $1,500 to become due two years from date, bearing eight per cent. interest per annum, secured by said $1,535 vendor's lien note as collateral, and through said agent appellee was fraudulently induced to execute and deliver a note for $1,500 providing for the payment of semiannual interest instead of annual interest and for sale of collateral note without notice upon default of payment of any installment of interest.

This case was tried with a jury upon five special issues found favorably to appellee, upon which the court rendered a judgment in favor of appellee for the difference between the amounts collected by appellant of the said $500 vendor's lien collateral note, together with the amount paid in court by the maker of the collateral on the $1,535 vendor's lien collateral note and the amount shown to be owing on the $1,500 promissory note by appellee to appellant.

This is a fact case, in which the issues seem fairly submitted to the jury, and their verdict is supported by the evidence.

The first proposition submitted by appellant covering assignments 1, 2, 3, 4, 5, 6, 13, 14, 15, 16, 17, 18, 18½, 23, and 24, in order to avoid a contract of an alleged agent it must first be shown the authority of the agent to act in the particulars complained of.

That is true and sound law. Lewis v. Brown, 39 Tex. Civ. App. 139, 87 S. W. 705. No one can be bound as a principal in any transaction done through another person or stranger, unless the capacity to act on the part of the agent is first established—without such established fact of agency, direct or implied by ratification, no such relation of principal and agent can exist.

[1, 2] There is no particular and exclusive rule to establish the fact, and we would not pretend to narrow the rule, because it may be established by direct, or by circumstantial evidence. It is shown that J. B. Hollyfield acted for appellee in negotiating the loan and collected from her commissions for his services. There was sufficient evidence before the jury on the issue to establish the agency, and this rendered harmless the alleged declaration of the agent. Bartley v. Rhodes (Tex. Civ. App.) 33 S. W. 604; Tabet v. Powell, 39 Tex. Civ. App. 465, 88 S. W. 273; Clark v. Collins, 76 Tex. 36, 13 S. W. 44; McCabe v. Farrell, 34 Tex. Civ. App. 36, 77 S. W. 1049. We do not think there is any merit in the complaint that he acted as agent for both parties in this matter. That may sometimes be done without objection. Bunton v. Palm (Tex. Sup.) 9 S. W. 182; 31 Cyc. p. 1572.

[3] There was no error in the court's action in refusing to instruct a verdict as appellant requested. If there was any evidence upon any material issue in the case, and there was pro and con, the court would not be allowed to take the case from the jury and assume their function. Of course, if the evidence was not satisfactory to the court, it might justify a new trial but not an instructed verdict.

We do not think there was in the case such a violation of the rule in respect to proper conduct of attorneys, which requires and compels them to refrain from inflammatory utterances and prejudicial remarks, that in the least tend to arouse the prejudice of the jury, against appellant, or that made them return a verdict different from the one they might otherwise have returned. We think the remarks harmless, and overrule the assignment.

We find no reversible error assigned, and the judgment of the court is affirmed.

### On Appellants' Motion for a Rehearing.

Upon a careful review of this entire case, and after reading carefully every word of the statement of facts, we do not feel that the

testimony is of such probate force as to satisfactorily establish the fact that J. B. Hollyfield acted as the agent of appellants.

[4] Another thing, we are not sure that the jury were not in some way influenced by the remarks of counsel, in view of the very skimp facts to establish the agency. Counsel said:

"They did not tell you she (plaintiff) had to make monthly installments on her home, and they did not tell you she had four young children to support. No jury in Bexar county will ever permit this little woman to be handled by a man like Hollyfield and Lipscomb handled her. We are not going to put up a poor woman against a rich woman, but try as they may they cannot eradicate that sympathy which every right-thinking man has for the widow with four little orphan children."

Trial courts should restrain counsel and compel them to discuss the relevant facts in the case and keep within the record.

As this case will be reversed, we will not set forth and discuss the testimony as it is presented here, for fear it would prejudge the case on another trial.

The motion for a rehearing is granted, the judgment of the trial court is set aside, and cause remanded for a new trial.