## SECURITY UNION INS. CO. v. HALL.
### No. 3575.

Court of Civil Appeals of Texas. Amarillo.
March 25, 1931.

T. R. Boone and J. Walter Friberg, both of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

JACKSON, J.

This suit was instituted in the district court of Wichita county, Tex., by the appellee, J. H. Hall, against the appellant, Secu-

rity Union Insurance Company, to set aside a decision of the Industrial Accident Board and to recover for injuries alleged to have been sustained by him in the employ of the Continental Oil Company, which carried compensation for its employees with appellant.

The appellee alleged that on November 11, 1926, he was in the employ of the Continental Oil Company, a corporation, and had been for more than twelve months next preceding said date at an average weekly wage of $31.-25. That on said date, in the course of his employment, in trying to lift an oil drum from the ground and place it on the loading dock of his employer, in the city of Wichita Falls, his left arm and elbow were broken, strained, wrenched, and otherwise injured, so as to greatly interfere with the movement and use thereof, which condition was permanent.

That within thirty days after the accident and injury he notified his employer and the Industrial Accident Board thereof, and on or about November 17, 1929, filed his claim with said board for compensation in an amount exceeding $1,000. That on February 18th thereafter, the board made and entered its final decision on his claim for compensation. That he gave to the board, as required by law, notice that he was unwilling to and would not abide by the decision of the board, and on March 6th thereafter filed this suit to set aside such decision and to recover compensation under the compensation law. That he was compelled to employ an attorney and contracted to pay him the usual and customary fee for his services.

He alleged that within ninety days after the accident he caused to be prepared, in compliance with the Workmen's Compensation Act, a claim for compensation on account of his injuries and mailed such claim to the Industrial Accident Board. That thereafter his claim was set for hearing by the board, a hearing had thereon, and his claim treated by the board as a filed claim. That he was informed by the agents of the appellant that such claim had been filed. All of which caused him to believe his claim had been filed and constitute good cause for his delay and for failing to file his claim for compensation with the board within the time prescribed by statute.

The appellee alleged, and it was admitted, that the appellant carried the policy of insurance on the employees of the Continental Oil Company at the time of the accident resulting in appellee's injuries.

The appellant answered by pleas in abatement and pleaded in bar general demurrer, general denial, and alleged that on or about June 2, 1929, the appellant and appellee entered into a compromise agreement and settlement, subject to the approval of the Industrial Accident Board of the state. That on or about the 19th of July thereafter the Board made and entered its final decision, ratifying said agreement, which was accepted by appellant and became a valid and binding agreement, has not been set aside, and is res judicata and a full and final release to all claims of appellee for the injuries for which he seeks compensation in this suit.

The appellant further alleges that prior to July 19, 1929, the appellee filed and submitted to the Industrial Accident Board a claim for compensation based on the same claim on which he now seeks to recover, which was by the board on July 19, 1929, duly considered and an award duly made therein, from which the appellee prosecuted his appeal to the district court of Wichita county, Tex., by filing suit in said court to set aside the final ruling of said board; that said case was not prosecuted, but was dismissed, and the award of said board became final and binding and is urged as a full and final settlement of the entire claim of the appellee.

That the alleged condition of appellee is not due to the injuries he alleges he received, but was brought about by physical injuries suffered prior and subsequent to the date of November 11, 1926, for which the appellant is in no way liable.

By supplemental petition and trial amendment, the appellee, after demurring and excepting to appellant's answer, pleaded general denial, admitted that he signed an instrument purporting to be a compromise agreement and that on July 19, 1929, the Industrial Accident Board entered its order purporting to approve said agreement by which he was to receive $25, but that said sum was never paid or tendered to him until after this suit was instituted. That he had sustained an injury in the course of his employment for which the appellant was liable, and that appellant, through its agent, knowing the condition and extent of appellee's injury and the cause thereof, and for the purposes of defrauding appellee, represented to him that he had filed no claim with the Industrial Accident Board within six months, as the law required, but that the company would take care of him and induced the appellee, by his words and conduct, to believe that the appellant would take care of him and that if he would aid it in adjusting the claim without substantial expense to his employer, that he would be retained in the employ of the Continental Oil Company indefinitely. That all of said representations were made to appellee by J. D. Bright, the agent of appellant, immediately before the compromise agreement and thereafter ratified by appellant; that they were false and known to be false and made solely for the purpose of inducing appellee to enter into such compromise agreement and thereby deprive him of compensation. That he believed and relied on such representations;

that such agreement was filed with the board and thereafter the board undertook to approve such agreement.

That as a matter of fact appellee had not at that time filed a claim with the Industrial Accident Board and the board was without jurisdiction to approve the alleged compromise agreement. That immediately after the attempted approval of such compromise agreement, the appellee employed an attorney, and suit was filed on his claim but was subsequently dismissed because it was learned that no claim had been actually filed with the board. That thereafter a claim was filed and acted upon by the board, and this suit is predicated thereon.

By supplemental answer the appellant urged general demurrer, special exception, and general denial.

In response to special issues submitted by the court in his main charge, the jury found, in effect, that the appellee sustained an injury to his left arm or elbow on November 11, 1926, while attempting to lift an oil drum up on the platform of the Continental Oil Company; that the disability to his arm or elbow by reason of such injuries is 75 per cent., and is permanent; that good cause has been shown for the failure of appellee to file his claim in the time prescribed by statute. Without setting out the findings of the jury on the questions of fraud alleged for setting aside the compromise agreement, it is sufficient to say that such findings are, in substance, that appellee was induced by the fraudulent representations of the agent of appellant to enter into the compromise agreement. In response to special issues given at the request of appellant, the jury found, in effect, that the condition of appellee's left arm or elbow was not caused by rheumatic trouble; that appellee realized that his elbow in his left arm was becoming incapacitated on November 22, 1926; and that he has continually suffered with his arm since said date.

On these findings judgment was entered setting aside the compromise agreement; the decision of the Accident Board made on the 18th of February, 1930, and that the appellee recover of appellant compensation at the rate of $8.66 per week from November 18, 1926, for two hundred consecutive weeks, with interest from the maturity of each weekly payment. That appellant was due appellee $1,725, which constituted past-due compensation for 181 weeks. From this judgment this appeal is prosecuted.

█ The appellant urges as error the action of the court in failing to require a finding by the jury as to whether appellee received his injury while in the course of his employment, because without such finding the court was not authorized to render judgment against it.

In response to special issue No. 1, the jury found that appellee sustained an injury to his arm or elbow on the 11th day of November, 1926. In response to issue No. 2, they found that he sustained such injury while attempting to lift an oil drum onto the Continental Oil Company's warehouse platform.

The testimony is uncontroverted that appellee was employed by the Continental Oil Company. That he was working for said company on the 11th day of November, 1926. That on that day he was assisting in unloading from a car a carload of drums for his employer and placing them on the wharf of the company. That the work he was so engaged in was a part of his regular duties, and, while engaged in this work, he received the injury complained of. The evidence showing without dispute that he sustained the injury for which he seeks compensation while in the course of his employment, the court did not commit error in refusing to submit such issue to the jury.

"Where there is no conflict in the testimony, and no room to doubt or hesitate as to a matter of fact in issue, the Judge, in his charge, ought not to assume that it is or may be doubtful. Such a course is calculated either to confound the jury, by causing them to doubt the justice of their own clear convictions; or to mislead by inducing them to suppose they may find the fact either way, when the evidence warrants but one conclusion, and to find contrawise would be to find manifestly against the evidence. The rule, which forbids the Judge to charge upon the weight of evidence, does not require or authorize him to assume as doubtful, that which is clear and indisputable; or to assume hypotheses at variance with the certain fact. Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact; and the charge of the Court should proceed upon that basis." Wintz v. Morrison, 17 Tex. 372, 387, 67 Am. Dec. 658; Denham v. Trinity County Lbr. Co., 73 Tex. 78, 11 S. W. 151. See, also, Lamar v. P. & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 34.

In Hebert et al. v. New Amsterdam Casualty Co., 3 S.W.(2d) 425, the Commission of Appeals held that a requested issue, submitting to the jury whether an employee received the injuries which resulted in his death while in the scope of his employment, was properly refused because the evidence on such issue is undisputed.

█ The appellant presents as error the action of the court in rendering judgment for appellee for $8.66 per week, because there was no issue submitted to and no finding of the jury on the average daily wage received by appellee, and he was therefore not entitled to a judgment in any event for more than 75 per cent. of $7 per week under the findings of the jury.

In the argument under this proposition, the contention is made that appellee was an interested party and his testimony was the only evidence offered on the average weekly wage received by him, and the court committed error in failing to submit such issue to the jury, notwithstanding appellee's evidence was uncontroverted.

Appellee's evidence was positive, certain, and unequivocal. It is uncontroverted by any evidence or circumstance in the record. He was not even cross-examined on the question of his wages. He testified that he had been working for his employer for about two years immediately preceding the injury at $125 per month.

"It is not proper to submit uncontradicted testimony to a jury for the sole purpose of giving the jury an opportunity to nullify it by discrediting the witness, when nothing more than mere interest in the case exists upon which to discredit such witness. The testimony must inherently contain some element of confusion or contrariety, or must be attended by some circumstance which would render a total disregard of it by a jury reasonable rather than capricious, before a peremptory instruction upon the evidence can be said to constitute an invasion of the right of trial by jury. That it is proper for a trial court to instruct a verdict upon the uncontradicted testimony of interested parties, when it is positive and unequivocal and there is no circumstance disclosed tending to discredit or impeach such testimony, can be said to be a settled rule in Texas." M. H. Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966, 972, writ refused. See, also, Still v. Stevens (Tex. Civ. App.) 13 S.W.(2d) 956; Sigmond Rothschild Co. v. Moore (Tex. Civ. App.) 22 S.W.(2d) 533.

The record discloses that on November 24, 1926, H. L. Roach, the warehouse foreman of the Continental Oil Company, made out a report of the accident and injury, which was forwarded to the Industrial Accident Board at Austin and received by it November 27, 1926, and the statement is contained therein that appellee was receiving $125 per month. This report was offered in evidence without objection or limitation and constitutes sufficient corroboration, if any is necessary, of appellee's testimony as to his average weekly wage. Texas Employers' Ins. Ass'n v. Mummey et al. (Tex. Civ. App.) 200 S. W. 251, writ refused.

■ The appellant assails as error the court's charge given in connection with the issue whether appellee had shown good cause for his failure to file his claim with the Industrial Accident Board in time "for the reason that said charge is an abstract charge and does not seek to define what is good cause, but gave the jury a particular instruction as to the law of the case and conveyed to the jury the result of their answer to the special issue which followed."

The part of the charge complained of is: "You are instructed that under the law a person claiming compensation is required to give notice of the injury to the Industrial Accident Board within thirty days and to file a claim for compensation with the Industrial Accident Board within six months after the time of the injury, provided, however, that a strict compliance with this requirement may be waived for 'good cause.'"

Immediately following this charge is issue No. 9, which reads: "Now, bearing in mind the foregoing instruction, do you find from a preponderance of the evidence before you that good cause has been shown for the failure of the plaintiff to file his claim in time, if he did so fail?"

In connection with this issue, the court gave the following definition of "good cause": "You are instructed in connection with special issue No. Nine of the Court's main charge that by the term 'good cause' is meant: such a state of facts as would be considered by men of ordinary prudence as a reasonable excuse for the plaintiff's failure to file his claim within the six months period."

The part of the charge complained of is substantially in the language of the statute. The question following this charge and given in connection therewith is concrete and presents a material issue in this case. When construed with the issue, which is necessary, the charge is not subject to the objection made, but, if erroneous, in the light of the testimony in this case it does not constitute reversible error. T. & P. Ry. Co. v. Wright, 62 Tex. 515; Goldstein et al. v. Cook (Tex. Civ. App.) 22 S. W. 762.

It will be noted also that the objection that the part of the charge complained of "does not seek to define what is good cause" is not tenable, because the court does give a definition of good cause and the proposition presents no objection to the definition as given.

■■ The appellee was required to use in the prosecution of his claim that degree of diligence which a man of ordinary prudence, situated as he was, would have used under the same or similar circumstances. Consolidated Underwriters v. Seale et al. (Tex. Civ. App.) 237 S. W. 642, 643. And in the absence of a specific objection to the definition of good cause as given by the court, it, in our opinion, is in sufficient conformity with the principle above announced. If the charge suggested to the jury the result of their finding on this issue, it was not reversible error, for as men of ordinary intelligence they already knew the legal effect thereof. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213.

■ The appellant by assignment attacks as erroneous the action of the court in submitting to the jury the issue as to whether appellee sustained an injury "to his left arm or elbow,"

because such issue is duplicitous and the finding of the jury did not designate what part of the arm was injured.

The appellee alleges that the injury sustained was to his left elbow, arm, and forearm. Special issue No. 1 requested by appellant and given by the court submits whether or not the condition of "the plaintiff's left arm or elbow" was due to rheumatic trouble. The uncontroverted testimony is that the injury was to the elbow of the left arm of appellee. Appellee's suit was for permanent partial incapacity to his arm, and he was entitled to draw the same compensation as he would have received for the loss of the arm. Article 8306, § 12, R. C. S. 1925; Lumbermen's Reciprocal Association v. Pollard (Tex. Com. App.) 10 S.W.(2d) 982. This assignment is overruled.

■ The appellant challenges by assignment the sufficiency of the testimony to support the finding of the jury that good cause had been shown for the failure of the plaintiff to file his claim within six months after the injury.

The record discloses that appellee was injured on November 11, 1926; that a report of the accident and injury was made out on November 22, 1926, by H. L. Roach, the warehouse foreman of appellee's employer, forwarded to the Industrial Accident Board, and received by it on November 27, 1926. This report contains in detail all the notice required by the Industrial Accident Board of an injured employee and his employer. That copies of such report were promptly mailed to the appellant in this case. That he was paid compensation for thirteen days. That the appellant and appellee attempted to make a compromise settlement under the law, subject to the approval of the Industrial Accident Board; that this purported compromise agreement was received by the Industrial Accident Board on June 15, 1929; that notices of the setting of the hearing on the compromise agreement were issued for July 13, 1929; that a hearing on the compromise agreement was had before the board on the 19th of July, 1929, and said compromise agreement approved by said Board.

The appellee testified that he made out a claim in December, 1926; that the claim blanks were received from Austin, filled out, and returned to Austin. That he believed they had been received and filed in December following the injury. That after the compromise agreement was acted on by the Industrial Accident Board he employed a lawyer, and suit was brought to set aside the action of the board, and thereafter it was learned that no claim had ever been filed with the board by him or for him; that the suit was dismissed, claim filed, acted on by the board, and this suit predicated thereon.

Appellee had a meritorious case. He had prepared and filed with the Industrial Accident Board proper notice of his injury within thirty days and gave notice thereof to appellant. He had prepared and forwarded to the Industrial Accident Board at Austin his claim within six months. He and appellant carried on negotiations which resulted in a purported compromise agreement, and presented it to the Industrial Accident Board. The board ordered a hearing thereon, held the hearing, and made a ruling on said attempted compromise agreement and treated appellee's case as if his claim had been filed and was pending, although never received and filed.

In view of these facts, we do not feel authorized in holding that as a matter of law appellee failed to show good cause why his claim, which he forwarded to Austin, was not received and filed within the six months.

The judgment is affirmed.