## LLOYDS CASUALTY CO. OF NEW YORK v. GRILLIETT.

### No. 4358.

Court of Civil Appeals of Texas. Texarkana, July 10, 1933.

Rehearing Denied July 11, 1933.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

Jones & Jones, of Marshall, and Smith & West, of Henderson, for appellee.

**JOHNSON, Chief Justice.**

Suit was filed in the district court of Rusk county by appellee, R. L. Grilliett, as plaintiff, against appellant, Lloyds Casualty Company of New York, as defendant, in an appeal from and to set aside a final award of the Industrial Accident Board of Texas in which he alleged compliance with all jurisdictional prerequisites; that he was an employee of T. Spears, an oil well rig-building contractor, a subscriber under the Workmen's Compensation Act, carrying compensation insurance with appellant, covering appellee as an employee; that appellee received injury in the course of his employment; and was entitled under the facts alleged to compensation in a lump sum for total and permanent incapacity based upon his average weekly wage of $84. Appellant answered by general demurrer and general denial. The case was tried to a jury and submitted on special issues. In response to the issues submitted, the jury found that appellee sustained total incapacity by reason of his injuries; that such total incapacity was permanent; that appellee and his employer, T. Spears, entered into an agreement, under the terms of which appellee agreed and intended to, and T. Spears obligated and intended to obligate appellee to, perform labor seven days per week, including Sunday; that the work to be performed on Sunday under said agreement was a work of necessity; that manifest hardship and injustice would otherwise result if compensation was not paid in a lump sum. Upon the findings of the jury the court entered judgment for the appellee for the sum of $6,533.43; to which appellant duly excepted, and has perfected its appeal to this court.

Appellant's first three assignments raise the points: (1) That since the appellee's contract obligated him to work on Sunday, it was in violation of the Sunday Labor Law of the State of Texas (articles 283, 284, P. C.), and therefore appellee is barred from a recovery for his injuries, and the court should have instructed the jury to return a verdict in favor of appellant; and (2) that the finding of the jury that it was a work of necessity was unsupported by, and against the great weight and preponderance of. the evidence. Appellant's assignments in this respect cannot be sustained. The evidence shows that appellee entered into a verbal agreement with T. Spears under which appellee obligated himself to work for Mr. Spears seven days in the week, including Sunday, building and dismantling drilling rigs, for which appellee was to receive $12 per day; and that the in-

juries were received by appellee on Sunday, March 29, 1931, while he and five other men were engaged in dismantling a drilling rig over an oil well that had been completed, and for the purpose of moving the drilling rig to another location, termed an "offset" well. It was shown from the evidence that there was an immediate and urgent need for the drilling of this offset well in order to protect the interest of the landowner and leaseholder from being drained of their oil and gas by virtue of the flowing well, to offset which the proposed well was to be drilled. The question was one of fact for the jury. It was fairly submitted, and the evidence supports their finding that the work was work of necessity in which the appellee was engaged at the time of his injury. Daniels v. Southern Surety Co. (Tex. Civ. App.) 40 S.W.(2d) 209; Casualty Reciprocal Exchange v. Stephens (Tex. Com. App.) 45 S.W.(2d) 143; Maryland Casualty Co. v. Marshall (Tex. Civ. App.) 14 S.W.(2d) 337; Maryland Casualty Co. v. Garrett (Tex. Civ. App.) 18 S.W.(2d) 1102; Texas Employers' Ins. Ass'n v. Henson (Tex. Civ. App.) 31 S.W.(2d) 669, 672. In Daniels v. Southern Surety Co., supra, it is said: "The mere fact that the contract is for the performance of work on all the seven days of the week does not, as a matter of law, constitute such contract an unlawful one. * * * The question as to whether or not the changing of the tire on Sunday was, under the attending facts and circumstances, a work of necessity was for the determination of the jury, since the statute has not nor has it undertaken to define what constitutes works of necessity permitted by its provisions to be performed on Sunday. There is no doubt that the performance of certain work on Sunday might under the surrounding circumstances constitute a violation of the Sunday law, while under other circumstances the performance of the same work would not be a violation of the law." In Texas Employers' Ins. Ass'n v. Henson, supra, it is said: "There is, therefore, no presumption that a contract is illegal simply because it provides for work on Sundays. On the contrary, the presumption of innocence of law violation obtains."

■ Appellant complains of special issue No. 1 of the court's charge as being duplicitous and upon the weight of the evidence. The question complained of reads: "Do you find from a preponderance of the evidence that the plaintiff, R. L. Grilliett, sustained injuries resulting in total incapacity on the occasion in question? Answer Yes or No as you find the facts to be." The evidence bearing upon the above issue is uncontradicted to the effect that appellee fell from the derrick a distance of about thirty-one feet and was rendered unconscious by the fall. It could not be seriously disputed that he received some kind of injury by that fall. The disputed issue was as to the extent of the injury received; therefore the court was not in error in assuming there was some injury in his submission of the above issue, nor is it reversible error because the issue is duplicitous in this respect. Security Union Ins. Co. v. Hall (Tex. Civ. App.) 37 S.W.(2d) 811, 813; Hartford Fire Ins. Co. v. Clements (Tex. Civ. App.) 34 S.W.(2d) 355; Hebert v. New Amsterdam Casualty Co. (Tex. Com. App.) 3 S. W.(2d) 425; American Metal Co. v. San Roberto Mining Co. (Tex. Civ. App.) 202 S. W. 360; Humphreys Oil Co. v. Liles (Tex. Com. App.) 277 S. W. 100; Stedman Fruit Co. v. Smith (Tex. Civ. App.) 28 S.W.(2d) 622. In Security Union Ins. Co. v. Hall, supra: "The rule, which forbids the judge to charge upon the weight of evidence, does not require or authorize him to assume as doubtful, that which is clear and indisputable. * * * Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact; and the charge of the Court should proceed upon that basis."

■ Appellant's sixth assignment of error complains of the failure of the court to define the term "permanent incapacity." In special issue No. 1 the court submitted the question of total incapacity, followed by correct definition of the term "total incapacity," and, following the definition, instructed the jury that if they answered issue No. 1 in the negative they need not answer issue No. 2, but if they answered issue No. 1 in the affirmative then to answer issue No. 2, reading: "Do you find from the preponderance of the evidence that the total incapacity of plaintiff, if any, resulting from such injuries is permanent? Answer Yes or No as you find the facts to be." Under the circumstances the court did not err in failing to define the term "permanent" incapacity. The manner in which the issues were submitted was clear and distinct and the jury could not have been misled thereby. Ordinarily it is not necessary to define the term "permanent." Bankers Lloyds v. Pollard (Tex. Civ. App.) 40 S.W.(2d) 859; Commercial Standard Ins. Co. v. Noack (Tex. Civ. App.) 45 S.W.(2d) 798. These cases are not in conflict with the holding in Employers' Casualty Co. v. Scheffler (Tex. Civ. App.) 20 S.W.(2d) 833, 835, relied upon by appellant. In the Scheffler Case the court submitted the issue of total incapacity and permanent incapacity in one issue in the following language: "Did the injuries, if any, that were received on or about February 21, 1928, by the claimant, C. L. Scheffler, result in total permanent incapacity on his part to perform work or labor?" The issue was followed by the following: "With reference to this question, you are instructed that the incapacity referred to means such as would disable the claimant Scheffler from performing the usual tasks of a workman in such a way as to procure and retain employment." This instruction defines only total

incapacity, while the question to which the instruction refers contains the issue of permanent incapacity; therefore the definition as applied to permanent incapacity is incorrect. By reason of the confusion thus arising, it was stated by Chief Justice Hall of the Amarillo court that under the circumstances the court should have defined the term "permanent incapacity." But no such confusion exists in the charge of the court in the case at bar, and the assignment does not present error.

■ Appellant makes complaint of the argument of counsel for appellee concerning the issues relating to performance of the work on Sunday and as to whether or not it was a work of necessity. But the trial court qualifies the bill of exception in this respect, from which qualification it appears that attorneys for appellant had also become rather spiritually inclined in their presentation of the issue to the jury, and that appellee's argument was in answer thereto. Appellant further complains of the following argument of counsel for appellee: "We repeat in closing, and think in fairness to Mr. Grilliett, Issues 1 and 2 should be answered 'Yes.' His incapacity is total and that total incapacity is permanent." We are not of the opinion that this argument is erroneous. It appears to have been the appellee's conclusion drawn from the testimony. The issues were of such nature that the jury unquestionably understood already that an affirmative answer thereto would be favorable to appellee, consequently appellee's counsel in telling them that which they already knew could not have been harmful to appellant.

Appellant makes other assignments, all of which we have carefully considered; but finding no error, the judgment of the trial court is respectfully affirmed.